(86 South. 137)

GOOLSBY v. STATE. (7 Div. 576).

(Court of Appeals of Alabama. June 29, 1920.)

1. CRIMINAL LAW ⟨KEY⟩1032(1)—SUFFICIENCY OF INDICTMENT NOT CHALLENGED NOT REVIEWED.

Where an indictment was not challenged by demurrer or otherwise, its sufficiency will not be reviewed on appeal.

2. PERJURY ⟨KEY⟩1—ESSENTIALS OF OFFENSE.

Under Code 1907, § 7543, the essentials to a conviction for perjury are that a lawful oath was administered by an officer having authority, that defendant as a witness swore falsely as to a material matter involved in some judicial proceeding, and that such false swearing was willful and corruptly done.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perjury.]

3. OATH ⟨KEY⟩1—NATURE OF.

An oath may be defined to be a solemn adjuration to God to punish the affiant if he swears falsely, the sanction of the oath being a belief that the Supreme Being will punish falsehood, or it may be defined as a declaration or promise made by calling on God to witness what is said (quoting Words and Phrases, Oath.)

⟨KEY⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

17 ALA.APP.—35

4. CRIMINAL LAW ☞450—TESTIMONY THAT COMMISSIONER ADMINISTERED OATH INADMISSIBLE, BEING CONCLUSION.

Testimony by commissioner, before whom it was asserted defendant gave false testimony, that he administered the oath, was improper, being the conclusion of witness as to a matter which it was for the jury to determine.

5. PERJURY ☞10 — TO CONSTITUTE VALID OATH THERE MUST BE SOME UNEQUIVOCAL ACT.

To constitute a valid oath for the falsity of which perjury will lie, there must be an unequivocal and present act in some form, in the presence of an officer authorized to administer oaths, and the mere delivery of an affidavit signed by the person presenting it to an officer for.his certificate is not such an act.

6. WITNESSES ☞248(2) — ANSWER NOT RESPONSIVE.

In a prosecution for perjury, where the commissioner supposed to have administered the oath to defendant in response to a question as to whether he did so said that he usually did, such answer should be stricken, not being responsive.

7. PERJURY ☞33(5)—EVIDENCE INSUFFICIENT TO SHOW OATH WAS ADMINISTERED.

In a prosecution for perjury, evidence held insufficient to show that the oath was administered to defendant as alleged.

Appeal from Circuit Court, Randolph County; Lum Duke, Judge.

Thomas E. Goolsby was convicted of perjury, and he appeals. Reversed and remanded.

R. J. Hooton, of Roanoke, for appellant.

The evidence was not sufficient to authorize a conviction, and the defendant was entitled to the affirmative charge. 74 Ala. 34.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record does not show that it contains all the evidence, and hence the court cannot pass on the request for the affirmative charge. 9 Ala. App. 214, 62 South. 400. Objections must be interposed and exceptions reserved to evidence, before this court will pass on it. 192 Ala. 373, 68 South. 283.

BRICKEN, P. J. The defendant was convicted of the offense of perjury. Under the statute (Code 1907, § 7543) "any person who willfully and corruptly swears or affirms falsely * * * in regard to any material matter or thing, upon any oath or affirmation authorized by law, * * * must, on conviction, be imprisoned in the penitentiary for not less than two nor more than five years."

[1] The indictment was not challenged by demurrer or otherwise; hence no question is presented on this appeal as to its sufficiency. As the indictment appears in the record before

us, it inaptly uses the word "corruptfully" instead of the word "corruptly," as provided by statute.

[2] In a prosecution for perjury the evidence, as in all criminal cases, must be of the character which is sufficient to convince the jury beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged. The evidence in a case of this character must show: (1) That a lawful oath had been administered to the defendant by an officer having the authority to administer it; (2) that under said oath the witness must have sworn falsely as to a material matter involved in some judicial proceeding or legal trial; (3) that such false swearing must have been willfully and corruptly done by the defendant within the period of time covered by the indictment, and in the county where the prosecution is pending. In other words, perjury is a corrupt, willful, false oath, taken in a judicial proceeding, in regard to a matter or thing material to a point involved in the proceeding. In the event of the failure of the proof to establish, either of these propositions, the case must fall.

[3] An oath is defined to be:

"A solemn adjuration to God to punish the affiant if he swears falsely. The sanction of the oath is a belief that the Supreme Being will punish falsehood; and whether that punishment is administered by remorse of conscience or in any other mode in this world, or is reserved for the future state of being, cannot affect that question, as the sum of the matter is a belief that God is the avenger of falsehood." Beeson v. Moore, 132 Ala. 391, 31 South. 456; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 478, 49 South. 434, 18 Ann. Cas. 557.

In 5 Words and Phrases, p. 4871, is found the further definition:

"An oath is a declaration or promise made by calling on God to witness what is said. * * * An oath is defined to be an outward pledge, given by the person taking it, that his attestation or promise is made under an immediate sense of his responsibility to God. * * * The term 'oath,' in its broadest sense, includes all forms of attestation by which a party signifies that he is bound in conscience to perform an act faithfully and truthfully, and that the person who takes it imprecates the vengeance of God upon him if the oath taken is false."

Some form of an oath has always been required, for the reason that only by some unequivocal form could the sworn be distinguished from the unsworn averments, and the sanctions of religion add their solemn and binding force to the act. The following form is prescribed in Alabama, and has been in use for many years, to wit:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"You do solemnly swear (or affirm) that the evidence you shall give in the cause now pending, wherein A. B. is plaintiff and C. D. defendant, shall be the truth, the whole truth, and nothing but the truth. ' So help you God." Code 1907, § 4730

—the universal custom being that the witness is required to hold up his right hand while the oath is being administered to him.

[4-7] In the instant case it is earnestly insisted that the defendant was never sworn by the commissioner before whom it is alleged that the false swearing complained of took place. The occurrence as detailed by the defendant and his witnesses is that the so-called depositions were prepared or taken down in writing in the office of an attorney in Roanoke and the attorney, a state's witness, also testified "that defendant, with other witnesses, signed the testimony in my office;" and after it had been taken down and signed they all went to the bank, where E. M. Moore, the commissioner, was. The defendant insists, and the testimony offered by himself and that of his witnesses tends to show, that at the bank, Moore, the commissioner, merely took the written document handed to him by the attorney, and inquired of the witness if that was his signature, to which inquiry some of the party answered "Yes," and that thereupon the commissioner affixed his (commissioner's) name to the certificate of the commissioner, and nothing further was done. From a careful examination of the testimony of Mr. E. M. Moore, the commissioner, on this question, it is manifest that his recollection about the whole proceeding was not at all clear, and his statements as to what happened on that occasion are very vague and uncertain. Among other things, this witness made the following statements:

"I think I received this commission to take the testimony in a suit pending in the chancery court." "I could not swear that this is the man that appeared before me." "I would not swear that he represented himself to me as T. E. Goolsby." "I could not say that this is the man." "I do not remember when I got that commission." "I could not say definitely that I ever had that commission in my possession." "That testimony was signed in my presence." "It was not signed when Mr. Vann came to my office. Mr. Vann wrote the testimony; it was all written out when they brought it to me; I could not swear that it was signed in my presence. I do not know whether I asked the witness to hold up his hand or not."

And in response to the question, "You did administer an oath to him to speak the truth?" the witness answered, "I usually do."

The defendant interposed a timely objection to the question asked this witness by the solicitor, viz., "You administered the oath to him as commissioner?" and duly excepted to the overruling of said objection. The witness answered, "As stated in that paper, I did." The defendant also excepted to the ruling of the court in declining to exclude this answer of the witness. In these rulings the court committed error. The question was objectionable, among other things, because it called for a conclusion upon the part of the witness as to a vital issue in the case, a matter for the determination of the jury. In order to show that a legal oath, one such as the law requires, had been administered to the defendant as a witness by the commissioner, the inquiry should have been as to what happened on the occasion in question, what was said to witness by the commissioner, and vice versa, and if upon an examination of this character it developed that the law had been complied with and the oath actually administered was a legal one, the first requirement in a prosecution for perjury has been met, otherwise no such prosecution could be sustained, and it was for the jury to say, under proper instructions from the court, whether the defendant on trial had as a matter of fact been duly and legally sworn as a witness in the proceeding wherein it is alleged that he committed the perjury.

"To constitute a valid oath, for the falsity of which perjury will lie, there must be an unequivocal and present act in some form in the presence of an officer authorized to administer oaths," and "the mere delivery of an affidavit, signed by the person presenting it, to an officer for his certificate, is not such an act." O'Reilly v. People, 86 N. Y. 154, 40 Am. Rep. 525.

No testimony was offered by the state, except that of the commissioner, Moore, to show that defendant had been duly and legally sworn as a witness in the proceeding wherein it is charged in the indictment that the offense of perjury had been committed by defendant. The answer of the witness should have been excluded, as it was manifestly incompetent, irrelevant, and inadmissible. Furthermore, it was not responsive to the question propounded, and the answer was based or predicated upon what was stated in the "paper" referred to, and not upon the personal knowledge of the witnesses. We are of the opinion that the evidence on this question, that is, the question of whether a legal oath had been administered to defendant as such witness, falls far short of that required by the rules of evidence, and does not measure up to the degree which would authorize the jury to determine therefrom that this material averment in the complaint had been proven beyond all reasonable doubt. For this reason the court should have given the general affirmative charge requested in writing by the defendant.

Charge 3 was properly refused, as it was involved, elliptical, and unintelligible.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.