(88 South. 350)

## SMITH v. STATE.  (7 Div. 692.)

(Court of Appeals of Alabama.  Feb. 1, 1921.)

**1. Perjury ⊙⇒33(7)—Evidence of false testimony necessary.**

Conviction of perjury is unwarranted; there being no evidence of what the false testimony, if given, consisted.

**2. Perjury ⊙⇒10—Showing of oath or affirmation prerequisite.**

For conviction of perjury, it is necessary to show that an oath or affirmation was administered to defendant as a witness.

**3. Criminal law ⊙⇒693, 695(4)—Timely objection and statement of grounds necessary for ruling on testimony.**

To secure the benefit of a ruling on the admission of testimony a timely objection must be interposed to the question, and the grounds of objection clearly stated.

**4. Criminal law ⊙⇒1036(6)—Objection necessary to present question of propriety of allowed method of proving handwriting.**

The question of propriety of allowing proof of handwriting by nonexpert, by comparison with signature on papers having nothing to do with the case, is not presented on appeal; no objection to the allowance having been made.

Appeal from Circuit Court, Randolph County; Lum Duke, Judge.

Pickens Smith was convicted of perjury, and he appeals.  Reversed and remanded.

R. J. Hooton, of Roanoke, for appellant.

Counsel discuss the assignments of error, but without citation of authority.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Where the question is not raised below, it cannot be insisted for the first time on appeal that the evidence does not support the judgment. 16 Ala. App. 592, 80 South. 166.

BRICKEN, P. J.  The defendant was indicted for the offense of perjury under section 7543, Code 1907.  The indictment in effect charged that, on his examination in a civil action in the circuit court, in which Thos. E. Goolsby was complainant and Mattie Goolsby was defendant, the said Pickens Smith, being duly sworn by one E. H. Moore as commissioner, etc., who had the authority to administer such oath, falsely swore that Thos. E. Goolsby was a resident of said county, and had resided in said county for the past two years; and it was alleged that, the matters so sworn to being material, and the oath of the said Pickens Smith in relation to such matters being willfully and corruptly false, etc.  There was a verdict of guilty, and the defendant was sentenced to serve not less than three years, nor more than three years and ten days imprisonment in the penitentiary.

[1] On the trial of this case in the lower court, the state first introduced one C. W. Clegg as a witness, who testified that he was the register in chancery for Randolph county, and by said witness, the original bill and other papers in the Goolsby v. Goolsby case were identified, and the original bill in said cause, the commission to take the depositions, the evidence taken by the commissioner, and the commissioner's certificate were offered in evidence by the state.  None of these papers, however, are set out in the record or bill of exceptions, and, there being no evidence from any witness, or other source, from which it can be ascertained what the alleged false testimony, if given, consisted of, and nothing from which it could be inferred, it necessarily follows the case must fall, as no offense known to the law has been shown to have been committed, and therefore nothing upon which to predicate a verdict of guilt or judgment of conviction against this defendant.  In other words, there is an entire absence of any evidence showing, or tending to show, the corpus delicti, and nothing from which it could even be inferred.

[2, 3] There appears no necessity of discussing the questions raised on this appeal.  We will state, however, that the testimony of state witness Moore, the commissioner, is very vague and uncertain as to whether or not he administered to this defendant any

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

oath or affirmation as a witness as required by law, and, as such oath or affirmation is a prerequisite to a conviction for perjury, the cursory manner of his examination as a witness, both on direct and cross, appears very unusual, and in no sense sufficiently thorough. It has been many times held that in order to secure the benefit of a ruling by the court upon the admission and rejection of testimony, a timely objection must be interposed to the question and the grounds of objection clearly stated, and, if not so stated, shall be deemed to have been waived.

[4] No objection whatever was interposed to the court's allowing the handwriting of defendant to be proven by nonexpert witnesses by comparison with his signature on a duebill and a bond and other papers having no connection with this case; therefore this question is not presented. But see Curtis v. State, 118 Ala. 125, 24 South. 111.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.