142 So. 590

## STEWART v. STATE.
### 6 Div. 161.

Court of Appeals of Alabama.
June 7, 1932.

L. D. Gray, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J.

The indictment originally contained three counts, however, counts 1 and 3 were nol prossed, and the accused was arraigned and put to trial upon count 2 of the indictment. The offense charged in said count was perjury. The defendant was convicted, and his punishment fixed at imprisonment in the penitentiary for not less than two years and two months nor more than four years and six months. Judgment of conviction was pronounced and entered from which this appeal was taken.

Innumerable objections to the indictment by demurrer, motion to quash, etc., were interposed and overruled by the court. These questions may be pretermitted as not necessary to a decision in this case.

In a prosecution for perjury the evidence, as in all criminal cases, must be of the character which is sufficient to convince the jury beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged. The evidence in a case of this character must show: (1) That a lawful oath had been administered to the defendant by an officer having the authority to administer it; (2) that under said oath the witness must have sworn falsely as to a material matter involved in some judicial proceeding or legal trial; (3) that such false swearing must have been willfully and corruptly done by the defendant within the period of time covered by the indictment, and in the county where the prosecution is pending. In other words, perjury is a corrupt, willful, false oath, taken in a judicial proceeding, in regard to a matter or thing material to a point involved in the proceeding. In the event of the failure of the proof to establish either of these propositions, the case must fall.

Many questions are presented on this appeal, but the principal insistence is to the effect that the evidence fails to establish the fact that a lawful oath was administered to the accused. On this question but one witness was examined, and, after a careful study and consideration of her evidence, we are constrained to hold that the evidence adduced was insufficient to sustain the burden of proof resting upon the state, as stated in subdivision 1, supra. This case is peculiarly analogous in this respect to that of Goolsby v. State, 17 Ala. App. 545, 86 So. 137, 139; and, also, to the case of Smith v. State, 18 Ala. App. 45, 88 So. 350, both of which were reversed on the point of decision here insisted upon. The indictment avers that the alleged oath, the subject of this prosecution, was administered by Clara Norvell O'Rear, a notary public in and for Walker county, Ala. This notary was the first witness for the state, and she testified: "My name is Clara Norvell O'Rear, I am a Notary Public in Walker County. * * * After I had transcribed all of the names and the amounts and different items on this statement or account against Walker County, it was shown to Mr. Luther Stewart, and he looked it over; he signed his name to this account; he signed his name to this affidavit in my presence, as a Notary Public. * * * I signed that account as a Notary Public, and the defendant was there at the time; he signed his name before I took his acknowledgment there." On cross-examination of this witness, the following occurred as shown by the record:

"Q. Mrs. O'Rear, I believe you said just now that you assumed that Mr. Stewart knew that he was being sworn? Do you have any independent recollection of having sworn him, except just to sign his name and you sign yours? A. Well, I can't recollect the exact words.

"Q. Well, now there wasn't anything said at all, Mrs. O'Rear, except just him signing his name and you signed yours? That's all that was done wasn't it? A. No, I think there was more than that done.

"Q. But you are not positive? A. I couldn't swear to it; I think I said 'If you are sure this is right, Mr. Stewart, you can sign that and I will acknowledge your signature.'

"Q. Something like that? A. Something like those words; I don't remember the exact words.

"Q. And you told him if it was correct for him to sign it? That's your best recollection? A. Well, I think it was more definite than that. I thought he realized. * * *"

"Q. Well, Mrs. O'Rear, it is not a question of what we think, it is just a question of what your recollection is; I believe you say you are not positive as to just what took place? A. I couldn't swear to the exact words, no. * * *"

"Q. Well, in this particular case you have no independent recollection of just what took place? A. I couldn't tell you the exact words, no."

It is plainly evident from the foregoing that at no time did the witness Mrs. O'Rear testify in any manner that an oath was administered by her to the accused. In Goolsby Case, supra, the court said: " 'To constitute a valid oath, for the falsity of which perjury will lie, there must be an unequivocal and present act in some form, in the presence of an officer authorized to administer oaths,' and 'the mere delivery of an affidavit, signed by the person presenting it, to an officer for his certificate, is not such an act.' "

■ The following excerpt from the opinion in the Goolsby Case, supra, is applicable to the case at bar and made a part of this decision, to wit: "We are of the opinion that the evidence on this question, that is, the question of whether a legal oath had been administered to defendant as such witness, falls far short of that required by the rules of evidence, and does not measure up to the degree which would authorize the jury to determine therefrom that this material averment in the complaint had been proven beyond all reasonable doubt. For this reason the court should have given the general affirmative charge requested in writing by the defendant."

It would be difficult to conceive of a more excellent, full and able oral charge than that delivered by the trial court in this case, hence the several exceptions thereto are not well taken and cannot be sustained.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.