
In re Petition for contempt IRMA PARMES.

CHATTANOOGA BAR ASSOCIATION and TENNESSEE BAR ASSOCIATION v. HARRY BERKE. —437 S.W.2d 532.

Eastern Section. January 5, 1968.

Rehearing Denied December 16, 1968.

Certiorari Denied October 7, 1968.

70

Henry V. Grady, Chattanooga, Tenn., for Irma Parmes.

Charles J. Gearhiser, Chattanooga, Tenn., for Chattanooga Bar Association and Tennessee Bar Association.

## THE CASE

SHRIVER, P. J. (M.S.). The record before us involves a citation for contempt against Irma Dennard Parmes, who was called as a witness in the case of Chattanooga Bar Association and Tennessee Bar Association against Harry Berke, heard in the Criminal Court of Hamilton County, Tennessee before Chancellor Glen W. Woodlee, sitting in place of the regular Trial Judge by designation of the Chief Justice of the Supreme Court of Tennessee.

When the respondent, Irma Dennard Parmes, was first called as a witness in the Berke disbarment case on May 30, 1966 she repeatedly invoked the Fifth Admendment to the U. S. Constitution as a basis for refusing to answer questions. After declaring a recess and giving the respondent certain instructions, Judge Woodlee resumed the hearing on June 27, 1966 in Hamilton County where he gave the respondent, appellant here, and her attorney additional instructions and, upon her further refusal to answer certain questions, he held her in contempt of court and levied a fine of $50.00 and ordered that she be confined to jail for 10 days.

From this order and decree the respondent appealed to this Court and has assigned errors.

## ASSIGNMENTS OF ERROR

The appellant, who will hereafter be referred to as respondent, assigns several errors which assert that the proof and the record do not warrant the finding of the Court and that she was within her rights under the Federal Constitution in refusing to answer the questions propounded to her; that the Court erred in overruling the motion of respondent to make more specific the charges against her and erred in overruling the plea in abatement filed by her because the jurisdiction to hear the cause was exclusively in Hamilton County, whereas, the Trial Judge heard arguments and imposed sentence in Rhea County.

## THE FACTS

The facts briefly stated are as follows:

Irma Dennard Parmes was first called as a witness in the Harry Berke disbarment case on May 30, 1966 when she repeatedly invoked the Fifth Amendment as a basis for refusing to answer questions. At one point in the hearing the Court asked the witness certain questions and she answered as follows:

"THE COURT: (Interposing) You are still pleading your rights under the Fifth Amendment, I take it, to the Constitution of the United States?

THE WITNESS: Yes, sir.

Q. Did you not on that—

THE COURT: (Interposing) And that is just—you are pleading that all the way to every question he is going to ask you, is that true?

THE WITNESS: Yes, sir.

THE COURT: Whether it is the time of day or whether the sun is shining or whether it is night or morning?

THE WITNESS: Yes, sir, without my attorney knows.

THE COURT: Any other questions, Mr. Arnett?"

The Court then declared a recess and had a conference with attorneys in the case and upon reconvening stated, among other things, as follows:

"In other words, the simple issue is whether Mr. Berke, on the trial of this case initially was correct when he told what occurred in his office. It is the insistence of the State and Chattanooga Bar that what he said is not true.

There is one witness, apart from others, who knows better than anyone whether that is true or not and it was obvious that the State and the Chattanooga Bar were relying upon this witness, Mrs. Dennard, now Parmes, relying upon her testimony to support the charges of the supplemental bill, but when the State calls her to the stand she pleads the Fifth Amendment and, of course, in response to the Court's question she said she would plead it regardless of what the question involved.

Well, as we lawyers all know, she can't plead it on immaterial matters or any matter that would not tend to incriminate her. It is the Court's opinion at this point, however, that she can plead it with respect to any and all matters that would tend to incriminate her."

The Court then ordered the filing of a written statement that Mr. Berke had tendered initially and which had been refused by the Court. It is a statement that was taken in his office, supposedly under oath, and supposedly repudiating what Mrs. Parmes testified to in Chancellor Curry's Court. The Chancellor stated that the refusal to allow it to be filed initially was because at that point it was incompetent, but that it was being ordered filed, along with a subsequent statement that was given before the Commissioner appointed by the Supreme Court of the State in which Mrs. Parmes reaffirmed or restated what she had, in substance, testified to on another occasion. The Court further stating that he had not seen the statements and did not know what attitude the respondent was in but that there was one thing certain, if she had made two conflicting statements under oath in Court it would not go unnoticed by him. The statements above referred to were filed and marked Exhibits "A" and "B" in the transcript. Exhibit "A" is a statement of Irma Dennard Parmes given to Mr. John K. Morgan in the offices of Mr. Harry Berke on December 2, 1965, and it appears that the circumstances surrounding the taking of this statement in Mr. Berke's office is the basis of the Supplementary Petition in the disbarment proceedings against Mr. Berke. Exhibit "B" is a statement of Irma Dennard Parmes given to Mr. McAfee Lee on March 4, 1966, he being a Field Commissioner appointed by the Supreme Court of Tennessee to deal with this matter.

The respondent next appeared before Judge Woodlee in Hamilton County on June 27, 1966, and at that time he gave her and her attorney additional instructions pointing out that she had given testimony in the case of

Dennard v. Berke when it was being tried in the Chancery Court of Hamilton County, wherein she testified to certain facts. The Judge stated that he had carefully read the statement which the respondent gave in Mr. Berke's office on December 2, 1965 in the presence of Mr. John J. Morgan, after having been sworn by the Court Reporter who took the statement; his statement continues:

"Just for all practical purposes in that statement made in Mr. Berke's office you did a 180-degree turn and in so many words just more or less repudiated what you had said.

\* \* \* \* \* \*

Well, first, what you testified in the Chancery Court and yet in the third statement made to the Commissioner appointed by the Supreme Court, you repudiated what you said in Mr. Berke's office and said what you were saying were the facts, all of which, of course, was consistent with what you testified to in the Chancery Court of this county before any written judgment was had against Mr. Berke for a sum of money, including punitive damages in the amount of $2,000.

Now, what I am coming to is this: As this Court interprets the law, both Federal and State, the fact that you gave a statement in Mr. Berke's office under oath, and the fact that you are now called upon to testify in this court and relate again what happened as between you and Mr. Berke concerning these mortgage transactions does not put you in the attitude of perjuring yourself or does not entitle you to plead the Fifth Amendment.

\* \* \* \* \* \*

I repeat so that we may be clear, if the testimony you are prepared to give here today is consistent with what you gave to the Master, the Special Master appointed by the Supreme Court, in nowise shall you be guilty of perjury under the law nor subject to punishment, and if that is your attitude and you refuse to testify this Court proposes to deal with you for contempt of this court.

If, on the other hand, what you stated under oath in Mr. Berke's office are the facts and that is what under conscience and under oath you shall detail here today, you are entitled to plead the Fifth Amendment and this Court necessarily has no right to punish you for contempt of court.''

The record shows that subsequently the witness repeatedly refused to answer questions propounded to her by both the Court and counsel for the Bar Associations, which refusals to answer included circumstances surrounding the taking of both the December 2nd statement and the March 4th statement and the refusal to state whether the statement given under oath to the Field Commissioner, Mr. McAfee Lee, was true or false.

It is to be observed that her reason for being at Berke's office on the occasion in question and the circumstances surrounding her visit to his office and the giving of her statement there, was material and pertinent to the inquiries before the Court and, although not privileged, and although she was ordered by the Court to answer, she refused and claimed privilege under the Fifth Amendment.

Thereupon, Judge Woodlee ordered the Bar Associations to file a petition for contempt against the witness

which resulted in the filing on July 18, 1966, of such a petition. An Amended Petition with Exhibits attached was ordered filed August 2, 1966.

The Petition recites, and the record shows that the recitation is true, that the witness, Irma Dennard Parmes, was ordered to respond to certain questions put to her by counsel and the Court, which order she refused to obey on the basis that her answers might incriminate her. The petition further recites:

"4. That Your Honor ruled and thereafter fully advised Irma Dennard Parmes that an ex parte statement given by her in the office of Harry Berke on or about December 2, 1965 was not a statement required by law to be under oath, and thus could not be a predicate for a criminal prosecution against her, it being analogous to a statement taken by investigator (R. 511) ;

5. That notwithstanding Irma Dennard Parmes' being advised that the December 2, 1965 statement was one neither required by law to be under oath nor on which could, in any way, subject her to punishment, the said Irma Dennard Parmes still refused, on grounds of self-incrimination, to answer questions touching upon the taking of the December 2, 1965 statement, after being ordered so to do by the Court;

6. Petitioners charge that the refusal of Irma Dennard Parmes to respond to the questions put to her by the Court and counsel for Petitioners respecting the December 2, 1965 statement is a wilful violation of the lawful orders of this Court, and is contempt of Court, committed in Your

Honor's presence, and that she be punished accordingly;

7. Petitioners further charge that the events surrounding the giving of the December 2, 1965 statement, while material to the then pending disciplinary proceedings against Mr. Berke, cannot in any way incriminate Irma Dennard Parmes, nor subject her to punishment, because such statement was not required by law to be under oath;

8. Petitioners further charge that there being no possible incrimination on the part of Irma Dennard Parmes flowing from the December 2, 1965 statement, there is no corresponding privilege for her to refuse to respond to questions relating to the same;

9. That the refusal to respond to proper questions concerning the December 2, 1965 statement constitutes criminal, contemptuous conduct committed in the presence of Your Honor, is wilful disobedience of the lawful and proper orders of this Court, and that she should be punished as the law provides.''

At the conclusion of the hearing on June 27 a Show Cause Order was issued and scheduled for disposition at Dayton in Rhea County, Tennessee on July 23, 1966. On July 20, 1966 a Plea in Abatement was filed on behalf of the respondent challenging jurisdiction of the Court to hear the cause in Rhea County.

The Show Cause Order was disposed of July 23, 1966 at Dayton, Tennessee.

In disposing of the matter the Court, among other things, stated:

"THE COURT: Do you mean to say that a witness under Rule 42 can come in and make a statement under oath and give a detailed accounting of what transpired in Mr. Berke's Office and still can come up into this Court and plead the Fifth Amendment on the theory that she could testify to something else? (Tr. p. 105).

\* \* \* \* \* \*

THE COURT: Here is a witness who under oath made the statement freely and voluntarily and made it in the presence of and at the instigation of the field commissioner appointed by the Supreme Court of Tennessee and having made that statement under oath she comes into this Court and pleads the Fifth Amendment."

By decree, filed September 29, 1966, the appellant was fined $50.00 and given a ten day jail sentence for contempt of Court.

## OUR CONCLUSIONS

We are of opinion that Judge Woodlee properly held that the December 2, 1965 statement given in Harry Berke's office would not support a perjury charge.

T.C.A. sec. 39-3301, which deals with corrupt or false swearing provides:

"Whoever having taken a lawful oath or affirmation in any matter not otherwise specifically provided for in this Code, *in which, by law, an oath or affirmation is required,* shall upon such oath or affirmation, swear or affirm willfully, corruptly and falsely touching a matter

material to the point in question, shall be guilty of perjury * * *''. (Emphasis supplied)

■ It is seen that the statement given to Mr. Berke in his office was an ex parte statement not made incident to any court proceeding and not required by law to be under oath, hence, could not support a perjury charge.

■ In 17 C.J.S. Contempt, sec. 24 it is said that generally perjury or false swearing by a witness is sufficient in view of the surrounding circumstances to constitute contempt provided it obstructs the Court in the performance of a judicial duty.

■ It is our view of the matter that when the witness refused to follow the instructions of the Court to answer questions, after having been also advised by the Court that the truth or falsity of her statement given in the office of Mr. Harry Berke, and about which she was being questioned, could not be the basis of a prosecution for perjury and that, therefore, her answer could not possibly tend to incriminate her, she was in contempt of Court and the Court was justified in so holding.

Her refusal, after being ordered by the Court, to answer other questions which were not privileged also amounted to contempt.

■ We find that there is no merit in the contention of respondent that the charges upon which the citation and conviction for contempt were based were not sufficiently specific. She and her attorney had been fully instructed by the Court as to what the charges were and we think the petition was clear enough to put her and her counsel on notice as to what the charges were. Therefore, the assignment based on that proposition is overruled.

■ The assignment based on the Court's action in overruling the plea in abatement to jurisdiction is also overruled. Judge Woodlee is a State Judicial Officer and when designated to hear this cause in the place and stead of a regular Criminal Judge in Hamilton County, he had full authority and jurisdiction over the subject matter of the case.

■ After having heard the evidence, etc., as a matter of convenience, he set the argument and the question of disposition of the show cause order to be heard by him in his home county, at Dayton, Tennessee. We find no reversible error in this action. The fact that the attorneys appeared there and argued the matter before him without the introduction of evidence and, at most, it was a question of venue and not a question of jurisdiction. It is clear that he did have jurisdiction of the matter and we, therefore, overrule this assignment.

■ It results that all assignments are overruled and the judgment is affirmed. However, in view of the fact that this witness acted under advice of counsel in her refusal to answer and relied on the advice of counsel in taking such action, we feel that a jail sentence is not called for. Therefore, we modify the judgment of the Trial Court by remitting the 10 day jail sentence but affirm the conviction of contempt and the fine of $50.00.

As thus modified the judgment of the Trial Court is affirmed, with costs.

Puryear, and Todd, JJ., concur.