ROBERT A. LICATA, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13884

April 29, 1983                                        661 P.2d 1306

---

*Morgan D. Harris,* Public Defender, and *Thomas W. Rigsby,* Deputy Public Defender, Clark County for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland* and *Douglas T. Ferraro, Jr.,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of perjury for swearing falsely in a statement given to an attorney representing the insurance company against whom appellant had made claim for loss of personal property. Since the conviction was based upon a misapprehension of Nevada law we must reverse.

In July, 1978, upon returning from a vacation in California, appellant discovered that his home in Las Vegas had been burglarized. Shortly thereafter, appellant submitted an insurance claim for the loss of his stolen possessions, which included a Sony television set and a Betamax recorder which appellant indicated he had purchased from Desert T.V. and Appliance. Appellant submitted receipts in support of his claim for these items.

Upon investigation, the insurance claim's adjuster discovered that appellant's purchase order with Desert T.V. for the television and recorder had later been cancelled. Appellant was

asked to give a sworn statement to the insurance company's attorney regarding these claims. Appellant's statement indicated that he had purchased the television and recorder at Desert T.V. as reflected in the receipts. Appellant's claims were later rejected by the insurance company on the basis of the false statement in the claims regarding the television and the recorder.

Appellant was later charged with perjury, and with making a false insurance claim. At trial, appellant testified that when he placed the insurance claim he had forgotten that he had cancelled his order to Desert T.V. and actually bought the items from a private individual. Several witnesses testified that they had seen the items in appellant's home prior to the burglary.

Appellant was convicted by the jury of perjury, but acquitted of filing a false insurance claim. Appellant's motion to set aside the verdict was denied and this appeal ensued.

NRS 199.120, under which appellant was charged, reads, in pertinent part, as follows:

> Every person having taken a lawful oath or made affirmation in a judicial proceeding or in any other matter where, by law, an oath or affirmation is required and no other penalty is prescribed, or who willfully and corruptly makes an unqualified statement of that which he does not know to be true, or who swears or affirms willfully, corruptly and falsely in a matter material to the issue or point in question, . . . is guilty of perjury. . . .

We construe the language of the statute to mean that a perjury charge may be sustained only where the false statement was made in a judicial or other setting where an oath or affirmation is legally required. Appellant's voluntary statement taken in the insurance company lawyer's office does not fall within the purview of the statute and thus, appellant could not have been found guilty of perjury in this case.

That a declarant may be guilty of perjury only where the false statement was made under an oath required by law has been recognized in many jurisdictions, either by statute or through case law. *See Ex parte* Pack, 1 P.2d 817 (Okl. Cr. App. 1931); State v. Ledford, 81 P.2d 830 (Wash. 1938); State v. Brady, 425 P.2d 155 (Utah 1967); State v. Devitt, 262 N.W.2d 73 (Wis. 1978); People v. Emmons, 162 N.W.2d 117 (Mich. App. 1968); State v. Warren, 539 P.2d 184 (Ariz. App. 1975); People v. White, 265 P.2d 115 (Cal. App. 1954); *In re* Parmes, 437 S.W.2d 532 (Tenn. App. 1968). Such is also the case under our statute.

Because our holding that appellant could not have been convicted of perjury under our statute is dispositive of this appeal, we find it unnecessary to consider other issues raised by the parties.

We accordingly reverse appellant's conviction.