BOWEN, Presiding Judge.
John Bogle was indicted and convicted for perjury in the first degree in violation of Alabama Code 1975, § 13A-10-101. Sentence was three years’ imprisonment. His conviction must be reversed because of the State’s failure to prove that his testimony before the grand jury was given under proper oath.
On direct examination by the State of the foreman of the grand jury, Robert Brazier, the record shows the following:
“Q. ... Was he sworn?
“A. I’m sure he was. Everybody was . sworn in that testified before us.
“Q. All right. He testified under oath before you?
“A. Yes.”
On cross examination by defense counsel, the record shows:
“Q. Do you remember telling me you really weren’t sure, you thought everybody probably was [sworn]?
"A. Yeah. That’s the same thing I just said then. I remember that I thought everybody was sworn in.”
This was the only evidence the' State presented to show that the defendant was under oath. It is blatantly insufficient.
“A person commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made.” Alabama Code 1975, § 13A-10-101(a). The term “swears falsely” is defined by statute to mean “[t]he making of a false statement under oath required or authorized by law, ...” Alabama Code 1975, § 13A-10-100(b)(l) (emphasis added). An oath “includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.” § 13A-10-100(b)(3) (emphasis added). “An oath is ‘required or authorized by law’ when the use of the oath is provided for by statute or municipal ordinance.” § 13A-10-100(b)(4).
“Witnesses before the grand jury may be sworn by the district attorney or foreman.” Alabama Code 1975, § 12-16-199. The oath to a witness before a grand jury must be administered by either the district attorney or the foreman. No others have this authority, and statements of a witness when the oath was administered by another are not given under the sanction of an oath. Joyner v. State, 78 Ala. 448, 452 (1885).
*509 The failure of the prosecution to prove that the defendant was placed under oath by an officer having the authority to administer it is fatal.
“In a prosecution for perjury the evidence, as in all criminal cases, must be of the character which is sufficient to convince the jury beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged. The evidence in a case of this character must show: (1) That a lawful oath had been administered to the defendant by an officer having the authority to administer it; ... ” Goolsby v. State, 17 Ala.App. 545, 546, 86 So. 137 (1920).
Even the commentary to Alabama’s perjury statutes makes it clear that this conviction cannot stand because the State failed to submit any evidence of one of the elements of the offense.
“Traditionally, perjury has required proof that the statement was made under oath; defendant is not liable if not under oath, even if the statement was untrue. Ex parte Williams, 268 Ala. 535, 108 So.2d 454, cert. denied, 359 U.S. 1004 [79 S.Ct. 1142, 3 L.Ed.2d 1032], rehearing denied, 360 U.S. 923 [79 S.Ct. 1432, 3 L.Ed.2d 1538] (1959). Thus, in the absence of clear proof that an oath was administered to defendant by some officer authorized to administer an oath, there can be no conviction for perjury even though the document recites that it was given under oath, or the official ‘thinks’ he administered an oath, or he ‘usually’ or ‘always’ administers an oath. Smith v. State, 18 Ala.App. 45, 88 So. 350 (1921); Goolsby v. State, 17 Ala.App. 545, 86 So. 137 (1920).”
Our aversion to reversing this particular conviction is exceeded only by our abhorrence for the crime of perjury itself — a crime which frustrates and assaults the very basis of our system of criminal justice. Indeed, a crime which, according to Ralph Waldo Emerson, is “not only a sort of suicide in the liar, but ... a stab at the health of human society.”
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.