RUSSELL LEE WHITE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 16495

April 9, 1986                                717 P.2d 45

154

*Norman Y. Herring,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City, *Brent T. Kolvet,* District Attorney, and *Michael P. Gibbons,* Deputy District Attorney, Douglas County, for Respondent.

# OPINION

*Per Curiam:*

Appellant Russell Lee White was arrested and charged with driving under the influence of intoxicating liquors (DUI) after an automobile accident in Douglas County. Pursuant to NRS 458.300, certain DUI offenders are permitted to elect to undergo an alcohol abuse treatment program. Upon completion of the program, the DUI offender's conviction is set aside. 1975 Nev. Stats. ch. 553, § 1.5-7 inclusive, p. 971. A person with a criminal record of one or more convictions of crimes of violence is ineligible for such treatment. *Ibid.* As part of the DUI proceedings, White signed a sworn affidavit in support of a motion to elect participation in the treatment program. The affidavit, submitted to establish eligibility for treatment, asserted that White had "not been convicted of any crime of violence or of selling any controlled substance."

White signed the affidavit in his attorney's Carson City office in the presence of his attorney's secretary, a notary public. The secretary notarized the affidavit below a portion of the jurat which stated "Subscribed and Sworn to before me. . . ." After the affidavit was presented to a justice's court in Douglas County, White was admitted to the treatment program, which he successfully completed. Thereafter, the DUI charge was dismissed. Later, White was charged with perjury when the State learned that he previously had suffered two convictions for crimes involving acts of violence.

At trial on the perjury charge, the notary testified that the signature and stamp on the affidavit were hers, but that she had no independent recollection of signing the affidavit or seeing White sign it. She testified her usual practice before notarizing a signature was to ask the affiant to sign the document after first determining that affiant had read it and found it to be correct. The witness also testified she never administered an oath in the process of notarizing affidavits.

Following conviction on a jury verdict, the district court sentenced White to a ten-year prison term for perjury and a ten-year term for being a habitual criminal under NRS 207.010. White did not timely file a notice of appeal, but petitioned the district court for post-conviction relief. The district court denied the petition and this appeal followed.

Procedurally, a petition for post-conviction relief was appropriate here since direct appeal was precluded by delay incident to the attempt by White's counsel to determine the validity of a

conviction underlying the habitual criminal finding. NRS 117.315(2); Gunter v. State, 95 Nev. 319, 659 P.2d 886 (1983).

White primarily contends that there was no proof presented on an essential element of perjury under NRS 199.120,[1] viz., that he swore an oath. We agree and accordingly reverse the judgment of conviction.

We have previously addressed the question of the sufficiency of the evidence necessary to support a perjury conviction in State v. Pray, 64 Nev. 179, 179 P.2d 449 (1947). Reversing a conviction for subornation of perjury, we held that no prima facie presumption arose that the affiant actually made an oath or performed any act that could be deemed the equivalent of an oath. We also determined that the evidence was insufficient to support the conclusion that affiant was administered an oath. State v. Pray cited O'Reilly v. People, 86 N.Y. 154 (1881), which reversed a conviction for perjury on evidence that the defendant signed and handed a document to an officer and the officer affixed his name to it in silence. The New York court noted that, under such circumstances, "any form of an oath is rendered unnecessary, and the intention to swear is put in the place of the oath actually administered and taken. . . [O]nly by some unequivocal form could the sworn be distinguished from the unsworn averment. . . ." Id., at 157. That court also stated that there must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath and that the mere delivery of a signed affidavit to an officer was not such an act. See also In re Rice, 181 N.E.2d 742 (Ill.App.Ct. 1962); Spangler v. District Court of Salt Lake County, 140 P.2d 755 (Utah 1943). The court pointed out that the wording of the affidavit "[affiant] being duly sworn," rather than "I do hereby swear," showed that the signing itself did not constitute the act or obligation of the oath itself.

We agree with the courts which have held that the mere signing

---

[1]NRS 199.120 provides:

Every person, having taken a lawful oath or made affirmation in a judicial proceeding or in any other matter where, by law, an oath or affirmation is required and no other penalty is prescribed, who willfully makes an unqualified statement of that which he does not know to be true, or who swears of affirms willfully and falsely in a matter material to the issue or point in question, or who suborns any other person to make such unqualified statement or to swear or affirm in such manner is guilty of perjury or subornation of perjury, as the case may be, and shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000. 1979 Nev. Stats., ch. 655 § 13, p. 1420.

of an affidavit before an officer does not constitute the act necessary to constitute an oath. Spangler v. District Court of Salt Lake County, 140 P.2d at 755; Youngker v. State, 215 So.2d 318 (Fla.App. 1968); Rogers v. People, 422 P.2d 377 (Colo. 1967); Stewart v. State, 142 So. 590 (Ala.App. 1932); O'Reilly v. People, *supra*. We are unpersuaded by other distinguishable authority which holds that signing in the presence of a notary is sufficient. *See* Blackburn v. Motor Vehicles Division, Dept. of Transportation, 576 P.2d 1267 (Or.Ct.App. 1978); In re Rice, 181 N.E. at 742; Cincinnati Finance Co. v. First Discount Corp., 171 N.E.2d 383 (Ohio 1938). Moreover, we conclude that NRS 199.180[2] was not intended to excuse the necessity of a valid oath. *See* People v. Cohen, 50 P. 20 (Cal.S.C. 1897). Although the notary testified it was her understanding that White was sworn there is no direct evidence in the record of an outward act by White supporting the conclusion that his attention had been directed to the necessity of swearing to his statement.

White also argues that because nothing in the statutory scheme governing civil commitment of alcoholics convicted of crime (NRS 458.290-458.350) mandates giving a statement under oath as a prerequisite for rehabilitative treatment, the oath was not required by law as contemplated under NRS 199.120. We are convinced White is correct.

This Court has previously construed the language of NRS 199.120 to mean that a perjury charge may be sustained "only where the false statement was made in a judicial or other setting where an oath or affirmation is legally required." Licata v. State, 99 Nev. 331, 333, 661 P.2d 1306, 1307 (1983). We there noted the statement must be made "under an oath required by law" and held that a voluntary statement taken in an insurance company's lawyer's office was not of that character.

A perjury conviction is proper only where "an oath is not only authorized or permitted but actually required by law—occasions of such solemnity and gravity that the law demands the administration of an oath as the price of legal recognition of the act." People v. Lillis, 158 N.Y.S.2d 191, 194 (1956). Where the statement is accorded the same legal recognition whether it is

---

[2]NRS 199.180 provides:

It shall be no defense to a prosecution for perjury that an oath was administered or taken in an irregular manner or that the defendant was not competent to give the testimony, deposition, certificate or affidavit of which falsehood is alleged. It shall be sufficient that he actually gave such testimony or made such deposition, certificate, or affidavit.

affirmed or not, it is not required by law and will not serve as a basis for invoking the perjury statute. *Id.* at 195.

Because no Nevada statute required White to support his claim of eligibility for rehabilitative treatment under oath, his affidavit, even when attached to the notice of election for treatment and filed in the criminal action against him was not made in a proceeding where an oath or affirmation is required by law, an essential predicate to a conviction for perjury.

We decline to follow People v. Watson, 406 N.E.2d 1148 (Ill.App.Ct. 1980), in which the court concluded perjury was proved where the oath was authorized or permitted by law and in fact sworn. This interpretation substitutes a defendant's specific intent to willfully make the false statement for the element of a formal oath required by law. Considerations of due process persuade us to reject this interpretation and resolve the question concerning the purview of our perjury statute in favor of lenity. Dunn v. United States, 442 U.S. 100 (1978).

Because we reverse the conviction on the primary offense of perjury, the finding and sentence based on the habitual criminal statute, which is not a separate crime but is only an averment of fact affecting the punishment on the primary offense, is also reversed. *See* Hollander v. State, 82 Nev. 345, 418 P.2d 862 (1966). In light of our conclusion that White committed no crime, it is unnecessary to consider appellant's argument concerning venue. Accordingly, the judgment of conviction for perjury and the finding that White is a habitual criminal are reversed.