KYLE DEAN POLSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22207

December 11, 1992          843 P.2d 825

*James J. Jackson,* State Public Defender and *Janet S. Bessemer,* Deputy, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney and *Daniel J. Greco,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

On July 11, 1990, appellant Kyle Dean Polson was arrested for driving under the influence of alcohol. A Douglas County sheriff observed Polson pull his pickup into a parking lot, get out of the vehicle, fall down, get up, and start urinating in a place in public view. Polson was unresponsive to a request to produce his driver's license, had slurred speech, bloodshot and watery eyes, and was having trouble maintaining his balance. Upon arrest Polson promptly passed out in the back seat of the patrol car, and was unable to be awakened. A blood sample was drawn registering a blood alcohol level of .332.

Polson pleaded guilty to one count of driving under the influence of alcohol, a violation of NRS 484.379. At sentencing, the district court admitted evidence of two prior convictions of violations of NRS 484.379, and sentenced Polson to one year in prison, the minimum sentence allowable for a third DUI conviction under NRS 484.3792.

Appellant contends that his second prior conviction was inadmissible because a citation that was filed in lieu of a formal complaint was insufficient to confer jurisdiction on the municipal court that entered the second prior conviction.

A citation may serve as a complaint in DUI cases if the form of citation includes "information whose truthfulness is attested as required for a complaint." NRS 484.817.[1] The attestation of truthfulness required of a complaint is an oath before a magistrate or notary public, or a declaration subject to the penalty of perjury. NRS 171.102.[2] The citation in question contained language above the arresting officer's signature stating that he was signing under penalty of perjury.

Appellant contends, however, that the language was irrelevant because an officer is not required to make such an affirmation under NRS 484.799(1), which only requires that a citation be signed, not that it be attested.[3] Appellant argues that because the oath on the citation is not required by NRS 484.799(1), a conviction for perjury regarding the arresting officer's statements on the citation could not stand. *See* White v. State, 102 Nev. 153, 717 P.2d 45 (1986); Licata v. State, 99 Nev. 331, 661 P.2d 1306 (1983). Thus, appellant concludes that the citation does not contain an attestation of truthfulness as required for a complaint because the citation is not really written under penalty of perjury, and, therefore, the municipal court never acquired valid jurisdiction.

---

[1]NRS 484.817 provides:

If the form of citation includes information whose truthfulness is attested as required for a complaint charging commission of the offense alleged in the citation to have been committed, then the citation when filed with a court of competent jurisdiction shall be deemed to be a lawful complaint for the purpose of prosecution under this chapter.

[2]NRS 171.102 provides:

The complaint is a written statement of the essential facts constituting the public offense charged. It must be made upon:
1. Oath before a magistrate or notary public; or
2. Declaration which is made subject to the penalty for perjury.

[3]NRS 484.799(1) provides in part:

Whenever a person is halted by a peace officer for any violation of this chapter punishable as a misdemeanor and is not taken before a magistrate . . . the peace officer may prepare a written traffic citation in the form of a complaint issuing in the name of "The State of Nevada," containing a notice to appear in court, the name and address of the person, the state registration number of his vehicle, if any, the number of his driver's license, if any, the offense charged, including a brief description of the offense and the NRS citation, the time and place when and where the person is required to appear in court, and such other pertinent information as may be necessary. The citation must be signed by the peace officer.

When a statute is capable of being understood in two or more senses by reasonably informed persons, the statute is ambiguous, and the plain meaning rule has no application. McKay v. Bd. of Supervisors, 102 Nev. 644, 649, 730 P.2d 438, 442 (1986).

NRS 484.799 is ambiguous. It allows a peace officer in misdemeanor traffic cases to prepare a written traffic citation "in the form of a complaint." The form of a complaint as defined in NRS 171.102 is "a written statement of the essential facts . . . made upon . . . [d]eclaration which is made subject to the penalty for perjury." However, NRS 484.799 merely states that "[t]he citation must be signed by the peace officer." It does not expressly require the citation to be signed under penalty of perjury. The statute is capable of being understood by reasonably informed persons either to require a declaration under penalty of perjury, or not to require a declaration under penalty of perjury.

An ambiguous statute can be construed in line with what reason and public policy would indicate the legislature intended. *McKay,* 102 Nev. at 649, 730 P.2d at 442. The legislature's intent in enacting a statute is the factor which controls its interpretation.[4] Thompson v. District Court, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984).

NRS 484.817 and NRS 171.102 were amended in 1983 to allow for citation-complaints to be made upon declarations that are subject to the penalty of perjury. 1983 Nev. Stats. ch. 188, §§ 1, 3, at 446-47. Prior to amendment, a complaint required a sworn oath before a magistrate. *Id.* The legislature clearly intended that in misdemeanor traffic cases arising under NRS chapter 484, the filing of a citation could replace the more burdensome procedure required for the filing of a complaint. It

---

[4]This court is aware of the salutary rule requiring strict construction of penal statutes. *See* Sheriff v. Hanks, 91 Nev. 57, 60, 530 P.2d 1191, 1193 (1975). However, the three statutes in question are not penal because they do not define an offense or prescribe a penalty. *See* State v. Webster, 102 Nev. 450, 454, 726 P.2d 831, 833-34 (1986). Thus, strict construction in favor of the defendant is unwarranted.

We note that even if the statute were of a penal nature, a different result would not follow. *See* U.S. v. Raynor, 302 U.S. 540, 552 (1938) (no rule of construction requires that a penal statute be strained and distorted to exclude conduct clearly intended to be within its scope). When NRS 484.799, NRS 484.817, and NRS 171.102 are read together, it is clear that the legislative intent was to require that citation-complaints be signed upon a declaration subject to the penalty of perjury. Any other construction would do violence to the clear legislative intent.

follows reasonably that the legislature intended for an officer to be able to make the required declaration on the face of the citation. Any other interpretation of the statutes would require the officer to make a separate oath or affirmation, exactly what was required under the previous statute, and would defeat the apparent purpose of the amendment.

Thus, it appears that: (1) the legislature intended to allow the use of citation-complaints in misdemeanor traffic cases; (2) misdemeanor citations must be made "in the form of a complaint;" and (3) complaints may be made upon declaration under penalty of perjury. The logical and reasonable conclusion is that citation-complaints issued for NRS chapter 484 misdemeanors require a declaration under penalty of perjury. We, therefore, hold that NRS 171.102 requires a complaint to be sworn or attested, NRS 484.817 allows citation-complaints, and NRS 484.799 requires citation-complaints to be made upon declarations subject to the penalty of perjury.

Appellant's reliance on White v. State, 102 Nev. 153, 717 P.2d 45 (1986) is misplaced. In *White,* this court noted that a perjury charge may be sustained only where a false statement was made in a setting where an oath or affirmation is legally required, not merely authorized or permitted. *White,* 102 Nev. at 157, 717 P.2d at 48. White signed a sworn affidavit in support of a motion to elect participation in an alcohol abuse program where no Nevada statute required White to support his claim for eligibility under oath. Contrarily, as noted above, the statutory scheme in this case can only be interpreted to require a declaration under penalty of perjury in order for a citation to function as a complaint.

The citation at issue in this case was signed with a declaration that it was issued under penalty of perjury. It therefore meets the statutory requirements for a complaint under NRS 484.817 and 171.102. Consequently, we conclude that the municipal court had jurisdiction over appellant, and appellant's conviction was properly admitted at sentencing for enhancement purposes.

Appellant also contends that neither prior conviction was admissible under NRS 484.3792(2), which requires that prior offenses be "evidenced by a conviction." Specifically, appellant argues that his prior judgments of conviction were never "entered" because, although they were signed by the judge, they were never filed by the clerk. Appellant's contention lacks merit.

As evidence of appellant's prior offenses, the state presented seven and eight page documents numbered 1 of 7, 2 of 7, 3 of 7,

etc. The front page of each document is file-stamped. The last page of each document is the court's judgment of conviction and order. Although the judgments of conviction in appellant's prior proceedings are not separately file-stamped, this court is mindful that "in evaluating the court records made in municipal court misdemeanor prosecutions, the realities of the typical environment of such prosecutions cannot be ignored, and where the court records reflect that respect was accorded to 'the spirit of constitutional principles,' those records 'should be deemed constitutionally adequate.'" Jones v. State, 105 Nev. 124, 126, 771 P.2d 154, 155 (1989) (quoting Koenig v. State, 99 Nev. 780, 789, 672 P.2d 37, 43 (1983)).

Each document presented to the sentencing judge included the citation or complaint, plea, sentence, judgment, and docket sheet. We consider this sufficient evidence of conviction, when taken as a whole and in consideration of the realities of misdemeanor prosecutions. *See* Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990) (formal, written judgment of conviction not required if other documents, such as docket sheets, evidence the conviction); Isom v. State, 105 Nev. 391, 776 P.2d 543 (1989) (citation and plea are sufficient evidence of conviction; complaint, plea, and sentence are sufficient evidence of conviction).

Appellant's final contention is that with respect to his second prior offense, he pleaded guilty to driving with a blood alcohol level of 0.10 or more, not to DUI. Appellant complains that, nevertheless, the municipal court adjudged appellant guilty of DUI. Further, appellant argues that plea agreements should be scrupulously honored. Appellant considers these two separate offenses, and concludes that he should have one prior conviction for DUI, and one prior conviction for driving with a blood alcohol level of 0.10 or more. We disagree.

NRS 484.3792(1) provides for an enhanced penalty for: "[a]ny person who violates the provisions of NRS 484.379 . . . [f]or a third or subsequent offense within 7 years . . . ." Both DUI and driving with greater than a blood-alcohol level of 0.10 are violations of NRS 484.379. Thus, regardless of whether appellant's plea was improperly recorded, he is subject to being sentenced as a third offender.

Accordingly, we affirm the judgment of conviction and sentence in all respects.