Leavitt, J.,
with whom Rose, C. J., and Young, J., join, dissenting:
As early as 1896 this court held that a penal statute “requires a strict construction when against a citizen, but a liberal one in his favor.” State v. Wheeler, 23 Nev. 143, 152, 44 P. 430, 431-32 (1896). The proposition was reaffirmed recently when we stated “this court will narrowly construe penal statutes where they are ambiguous.” Buschauer v. State, 106 Nev. 890, 896, 804 P.2d 1046, 1049 (1990) (citing Carter v. State, 98 Nev. 331, 334-35, 647 P.2d 374, 376 (1982)). See also Bradvica v. State, 104 Nev. 475, 478, 760 P.2d 139, 141 (1988); Anderson v. State, 95 Nev. 625, 629-30, 600 P.2d 241, 243 (1979); Smith v. District Court, 75 Nev. 526, 528, 347 P.2d 526, 527 (1959).
The Nevada Legislature in 1997 passed a statute creating a crime, “battery that constitutes domestic violence,” which is penal in nature. It makes a battery that constitutes domestic violence pursuant to NRS 33.018 a separate crime from a simple battery and enhances a domestic violence battery to a felony after two prior misdemeanor convictions. Prior to the passage of the new law, a battery that constituted domestic violence pursuant to NRS 33.018, was treated as a simple battery and prosecuted under NRS 200.481, which defines battery as “any willful and unlawful use of force or violence upon the person of another.”
Since this is a penal statute creating a crime, an interpretation of the law requires a strict, narrow construction and one that is liberal in favor of a defendant. Although the majority’s “interpretation of the statutory language is not unreasonable, it is one of two reasonable interpretations. Therefore, the statute is ambiguous and it must be read narrowly in accordance with [English’s] equally tenable interpretation.” Buschauer, 106 Nev. at 896, 804 P.2d at 1049. “ ‘[W]here an equivocal word or ambiguous sentence leaves a reasonable doubt of its meaning which the canons of interpretation fail to solve, the benefit of the doubt should be given to the subject, and against the legislature which has failed to explain itself.’” Wheeler, 23 Nev. at 153-54, 44 P. at 432 (quoting Endlich, Stat. Int., sec. 330). “ ‘Penal statutes should be so clear as to leave no room for doubt as to the intention of the legislature, and where a reasonable doubt does exist as to whether the person charged with a violation of its provisions is within the *839 statute, that doubt must be resolved in favor of the individual.’ ” Sheriff v. Hanks, 91 Nev. 57, 60, 530 P.2d 1191, 1193 (1975) (quoting Ex Parte Davis, 33 Nev. 309, 318, 110 P. 1131, 1135 (1910)). “We have repeatedly held that where there is ambiguity in the language of a penal statute, ‘that doubt must be resolved in favor of the individual.’ ” Demosthenes v. Williams, 97 Nev. 611, 614, 637 P.2d 1203, 1204 (1981) (quoting Ex Parte Davis, 33 Nev. at 318, 110 P. at 1135). “The purpose of this rule is to impose criminal liability only in cases where the accused had adequate notice of the act forbidden.” Bradvica, 104 Nev. at 478, 760 P.2d 141.
The majority cites Poison v. State, 108 Nev. 1044, 1047 n.4, 843 P.2d 825, 827 n.4 (1992), for the principle that “no rule of construction requires that a penal statute be strained and distorted to exclude conduct clearly intended to be within its scope” and concludes English’s interpretation is “strained and distorted.” The statement overlooks the “clearly intended” portion of the principle. The legislature in this case failed to state what it “clearly intended to be within its scope” and thus caused the ambiguity involved in this case.
There could have been no notice of the forbidden criminal act of “battery that constitutes domestic violence” until such time as it was made a crime by the legislature, beginning January 1, 1998. Additionally, there was no notice that a simple battery that occurred prior to January 1, 1998, could be used to enhance a battery that constitutes domestic violence into a felony.
Additionally, an added element must now be proven to convict a person under the “battery that constitutes domestic violence” crime, i.e., the victim must be one of the designated persons protected under NRS 33.018.
Further, in section 32 of the Act, the legislature indicated its intent to apply the law prospectively only by providing that the new law does not apply “to offenses that are committed before January 1, 1998.” 1997 Nev. Stat., ch. 476, § 32, at 1821 (emphasis added).
Any simple battery which may have occurred prior to January 1, 1998, involving designated victims listed in NRS 33.018, cannot be considered for enhancement purposes under the crime created by NRS 200.485 because the crime of “battery that constitutes domestic violence” did not exist prior to January 1, 1998.
In this case the battery that constitutes domestic violence occurred when appellant threw a platter of spaghetti at his live-in girlfriend, pushed her to the floor and tried to pinch her nose. Appellant is now charged with a felony, without any prior notice that the previous misdemeanor convictions for battery would be used to enhance his crime to a felony.
*840 The district court’s order denying English’s motion to strike his prior conviction for the battery that occurred on September 28, 1995, should be vacated and the matter remanded with instructions that the prior September 1995 conviction cannot be used for enhancement purposes. Only the conviction for battery that constitutes domestic battery that occurred on February 11, 1998, after the effective date of the new law can be used for enhancement purposes.