WILLIAM ROSS, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

When an offense is committed against the laws of the United States, the person charged therewith must be prosecuted therefor in the courts of the United States. The state courts have no jurisdiction thereof.

Criminal law. Jurisdiction. United States Courts. State. Before Judge KIDDOO. Randolph Superior Court. November Term, 1874.

Reported in the decision.

H. & I. L. FIELDER; L. S. CHASTAIN, for plaintiff in error.

JAMES T. FLEWELLEN, solicitor general, by A. HOOD, for the state.

Ross *vs.* The State of Georgia.

WARNER, Chief Justice.

The defendant was indicted for the offense of " perjury" in the superior court of Randolph county, and on the trial therefor, the jury found him guilty.   When the evidence on the part of the state was closed on the trial, the counsel for the defendant made a motion to quash the indictment and proceedings, and to discharge the defendant, on the ground that the alleged false oath was taken before a United States commissioner in the investigation before him of an alleged violation of a penal law of the United States, punishable by the courts of the United States, and that the superior court of Randolph county had no jurisdiction to try said case, which motion, the court overruled, and the defendant excepted.

It appears from the evidence in the record, that the oath of the defendant on which the perjury was assigned, was taken before a United States commissioner on the investigation of a charge preferred before him for a violation of the enforcement act of congress by one Kenney, and the question is, whether the state court had *concurrent* jurisdiction with the federal courts for the trial of the alleged offense, or whether the federal courts had the *exclusive* jurisdiction for the trial thereof. The offense charged in the indictment, is an offense against the public justice of the United States—and whatever may have been the conflicting decisions in the several courts of the United States in regard to the concurrent jurisdiction of. the state courts in similar cases, prior to the adoption of the Revised Code of the statutes of the United States on the 20th of June, 1874, there is now no longer any room for doubt or discussion in relation to that question.   By the 5392 section of the Revised Statutes of the United States, it is declared that every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify truly, etc., wilfully and contrary to such oath, states any material matter which he does believe to be true, is guilty of perjury, and shall be punished, etc., and shall

moreover thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed.    By the 629th section it is declared, that the circuit courts of the United States shall have *exclusive* cognizance of all crimes and offenses cognizable under the authority of the United States, except where it is or may be otherwise provided by law, and concurrent jurisdiction with the district courts of crimes and offenses cognizable therein. By the 711th section it is declared that the jurisdiction vested in the courts of the United States of all crimes and offenses cognizable under the authority of the United States, shall be *exclusive* of the courts of the several states.    When a crime is committed against the public justice of the United States, the party charged therewith is to be indicted and prosecuted therefor in the courts of the United States, and not in the courts of the state.    When a crime is committed against the public justice of this state, the party charged therewith should be indicted and prosecuted in the courts of this state, and not in the courts of the United States.    In our judgment, the offense charged in the indictment contained in the record was an offense against the public justice of the United States, and not an offense against the public justice of this state, and therefore the superior court of Randolph county had no jurisdiction to try it, and the court erred in not sustaining the defendant's motion to quash the indictment and proceedings had thereon, and to discharge the defendant therefrom.

Let the judgment of the court below be reversed.