State *v.* Shelley.

STATE *v.* WM. SHELLEY.

CRIMINAL LAW. *Perjury. False swearing in U. S. Courts.* No indictment for perjury can be predicated in the State courts upon the false swearing of a party before a United States judicial tribunal in a case pending in such tribunal.

FROM BLOUNT.

Appeal in error from the Circuit Court of Blount county. S. A. RODGERS, J.

ATTORNEY-GENERAL LEA and R. N. HOOD for the State.

WILL A. McTEER for Shelley.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted in the circuit court of Blount county, and charged with the crime of perjury, by swearing falsely in a case pending before a United States Commissioner, in which the United States was plaintiff and John Norwood defendant, in which

State v. Shelley.

the question was, whether the said Norwood was guilty of retailing liquors in violation of the United States internal revenue laws.

The averments of the indictment show the materiality of the testimony given in that case, and the only question raised by the demurrer (which was sustained in the court below), is, whether any offense against the law of the State of Tennessee is charged by the facts averred. In other words, the question is, whether a false oath taken before a judicial tribunal of the United States, in a case pending before such tribunal, the oath being taken in a county of our State, is subject to indictment in this State and punishment as perjury?

We have not access to the authorities by which we might examine this question in the light of the decided cases raising this precise question as fully as would be desirable. But the question is one, we take it, well settled, and hardly admitting of doubt.

Perjury is defined by our Code to be where "any person wilfully and corruptly swears or affirms falsely in a material matter upon oath or affirmation *required or authorized by law.*"

This definition is found in the chapter of the Code, under title "Offenses against public justice." It is in this correctly characterized, as the essence of the offense is the corruption and hindrance of public justice as administered in our courts. To protect from this evil is evidently the purpose of the penalties inflicted. It is not every false oath, however reprehensible or corrupt, that is made penal by the statute, but only such

State *v.* Shelley.

" oath or affirmation as is *required* or *authorized* by law," and even then it must in all cases be averred and proven, that the false matter was material to the issue on investigation, or to the end sought or intended to be attained by the oath taken. These elements indicate definitely the purpose of the Legislature to protect by the penalties imposed from corrupt swearing, and its results, all proceedings had under our own laws, and as certainly exclude the idea that these penalties are intended to give protection against the effect of false swearing in other jurisdiction than our own, or in the proceedings of any other courts, or in the administration of the laws of any alien government—" An oath or affirmation required or authorized by law, can in the nature of the thing only mean an oath or affirmation required or authorized by our own law, not the law of another State, country or jurisdiction. That the Federal tribunals and Federal laws in reference to this matter, are foreign to our State, is a question we take it beyond doubt. For these reasons we would hold it clear the indictment charges no offense of perjury included in the definition of that offense under the section of the Code quoted. The public justice, or any proceeding authorized by our law, has not been corrupted or in any way interfered with by the oath charged to have been taken, therefore no violation of our law intended to be prevented has occurred.

But it is equally clear that the offense is against the public justice and purity of administration of the law of a different jurisdiction, occurring before a court

State *v.* Shelley.

of that jurisdiction, that is, of the United States, and one punishable by the laws of that government, the protection of its administration of its own laws being a matter peculiarly within its own care, and a matter in which it would be intrusive and presumptuous on the part of the State of Tennessee to intervene in any way. Every government claims and exercises this right for itself.

In accordance with this, the United States Government has prohibited the offense now charged, and imposed a penalty of fine of not more than $2,000, and imprisonment at hard labor, not more than five years, and of being incapable of giving testimony in any court of the United States until such time as the judgment against the party is reversed." See Revised Stat. U. S., 5392.

From the construction we have given our own statute, and the provision of the United States statute cited, it is seen what is the well understood line of right and duty on the part of every government in reference to the question here presented, that is, that every government claims and exercises exclusive jurisdiction to control and protect from intrusion or injury the public justice as administered in its own courts, and the purity of administration of its own laws. This is essential to the independence and efficiency of any and every sovereignty, a right that could not be surrendered. The principle we have announced is distinctly recognized by the Supreme Court of the United States in the case of of the *United States* v. *Bailey*, 9 Peters R., 341, (Cush. ed.), where it was

held that a party was punishable however, under the law of the United States against false swearing, because the oath, though taken before a State magistrate, was to be used as evidence in support of a claim before a department of the Federal Government, in support of a claim under investigation. But this was put on the ground that the oath was authorized by the regulations of the Department, that is by the authority of that government.

The rule is well stated in a dissenting opinion by Justice McLean, p. 351: "Any official act of a Federal officer, under the jurisdiction of a State, which has not authorized such act by him, is extra judicial, and in no point of view legal; nor can an oath administered under such circumstances, however false, be punishable under a general statute of the State against false swearing. The act of administering the oath being done without authority (that is of the State) is void. It subjects the false swearer to no greater penalty than if administered by a private citizen without any pretense of power. He adds: "From these considerations it would seem that no punishment could be inflicted by a State tribunal, under an act against false swearing, where the oath had been administered by a Federal officer, whose act was not sanctioned by any law of the State."

This is unquestionably the true principle governing the cases The trial was being had before a tribunal of the United States, the false swearing was an offense against the public justice of that government, was subject to be punished under its law, but was in no way

State *v.* Shelley.

an offense against the law of Tennessee, nor the administration of public justice by any tribunal of said State against the State of Tennessee.

But we find the question has been definitely settled by adjudications, both State and Federal, since the above case, and is now beyond dispute. In the case of *Brown* v. *United States*, 14 Amer. Law Register, 566, in an opinion by Erskine, District Judge, it was held, after a full review of the authorities, that where an indictment and conviction in a State court showed the defendant had been charged with perjury committed in a proceeding before a United States Commissioner, that the indictment showed that the perjury alleged was not a crime against the State, and the proceedings therefore void. In this case, for this reason, the convicted party was discharged on *habeas corpus* by the United States Court. This opinion was affirmed on appeal by Judge Bradley, sitting in the circuit—*vide Ross* v. *State*, 55 Ga., 192; 21 Am. R., 278. We need not go over the authorities on this question. They will be found cited in the above opinion, and are conclusive of the question. See also 2 Bishop Cr. Law, sec. 1023, *et seq.*

Let the judgment be affirmed.