# Fetterhoff's Estate.

*Will—Charitable devise—Act of April 26, 1855, P. L. 328—Attesting witnesses—Disqualifying interest—Officers of charity.*

Where a will includes a number of legacies and a general residuary devise for charitable purposes, and two of the three attesting witnesses are connected with one of the charities benefited, in the capacity of trustees, while the third witness is an officer in several of the religious and charitable organizations benefited, the witnesses are disqualified under the act of 1855 and the charitable gifts fail.

Argued April 13, 1910. Appeal, No. 59, Jan. T., 1910, by the Foreign Missionary Society et al., from the final decree of O. C. Franklin Co., confirming report of auditor in Estate of Ann E. Fetterhoff, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of W. O. Nicklas, Esq., auditor. Before GILLAN, P. J.

Ann E. Fetterhoff died on November 17, 1906, testate, leaving to survive her her mother and sister. Her will, dated March 17, 1906, besides providing bequests for a number of relatives, included legacies to the First Church of the United Brethren in Christ, and to the treasurer of the Old People's Home; and the residuary estate, in equal shares, was devised to the following institutions and societies connected with the United Brethren Denomination: Foreign Missionary Society, Home Missionary Society, Church Erection Society, Woman's Missionary Society, Beneficiary Fund, Union Biblical Seminary, Lebanon Valley College, and the Quincy United Brethren Orphanage and Home. The will was attested by three witnesses, Rev. W. H. Washinger, J. C. Peters and W. O. Appenzellar. Peters and Appenzellar were members and trustees of the First Church, and Washinger was presiding elder of the Pennsylvania Conference, trustee of

Lebanon Valley College, director of Quincy Orphanage, and director of Home Missionary Society. The trustees of the church and all the societies and organizations served without compensation.

On these facts the auditor found that these witnesses were not disinterested, and the bequests to charitable and religious uses were invalid. Exceptions were filed to the auditor's report, which were overruled and final decree entered.

*Errors assigned* were in holding that the attesting witnesses were not disinterested, and in entering decree as above.

*Walter K. Sharpe* and *John G. Johnson*, with them *John D. Rice* and *Irvin C. Elder*, for appellant.—None of the subscribing witnesses had any such interest as would be within the prohibition of the act. Their interest was merely sentimental and not that pecuniary, vested and legal interest contemplated by law: Snyder v. Bull, 17 Pa. 54; Combs' & Hankinson's App., 105 Pa. 155; Jordan's Est., 161 Pa. 393; Song v. First German Evangelical St. Paul's Congregation, 63 Pa. 156; Daries v. Morris, 17 Pa. 205; Shortz v. Unangst, 3 W. & S. 45.

Although the two necessary witnesses, Appenzellar and Peters, may not be "disinterested" by reason of their connection with the First Church, this does not render invalid the bequests to the other institutions, in which they had no interest.

*O. C. Bowers*, with him *T. Z. Minehart* and *Bonbrake & Zacharias*, for appellee.—The act of 1855 is not to be regarded as an act relating to the competency of witnesses in the ordinary sense of that term. The question of interest of an attesting witness is not a question of evidence at all. The disqualifying interest need not, and indeed cannot be, a present, certain or vested interest: Combs' App., 105 Pa. 155.

The proposition cannot be ruled on kind or quantum of interest, but only on the fact of interest. If the witnesses are so interested in the church as to render them incompetent as witnesses to a will containing bequests to that church, it follows, that they are incompetent entirely as witnesses to the will, and all charitable bequests fail: Kessler's Est., 221 Pa. 314.

PER CURIAM, July 1, 1910:

The religious and charitable bequests and devises of the testatrix are void for her failure to have the execution of her will attested by two credible and, at the time, disinterested witnesses, as required by the Act of April 26, 1855, P. L. 328. Under Kessler's Est., 221 Pa. 314, no one of the three attesting witnesses was disinterested. Nothing more need be said, and the decree is affirmed at appellants' costs.