[Crim. No. 2432.   Second Appellate District, Division One.—October 27, 1933.]

THE PEOPLE, Appellant, v. JAMES S. FRENCH, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Appellant.

Condee & Spencer for Respondent.

HOUSER, J.—The essential facts connected with this appeal are that, prior to the filing of an information against him in the above-entitled action, respondent James S. French

had made an affidavit relative either to the obtaining of solicited personal financial assistance, or to employment, desired for himself, which he sought from the county of Los Angeles; and that for the asserted reason that, contained within said affidavit were certain statements of facts which were claimed to be false, a complaint for perjury was filed against said defendant. As a result of a preliminary examination before a magistrate, defendant was held to answer to the superior court on said charge. A demurrer to the amended information that was filed in the latter court having been sustained, and in pursuance thereof the action was dismissed, this appeal is presented to this court from the order "setting aside" the information.

The prosecution of defendant was predicated, firstly, upon the provisions of a county ordinance of the county of Los Angeles by which it was provided that, "before any aid . . . shall be given to or for any person claimed to be a pauper, or poor or indigent person, such person shall make a verified written statement" of specified matters of fact; and, secondly, upon the provisions contained in sections 118 and 118a of the Penal Code.

The information filed against defendant contained the general accusation of perjury and detailed allegations relative to the administration of the oath to defendant to the affidavit in question; and which affidavit thereupon and therein was set out in full, as follows:

"I, James French, being first duly sworn, depose and say that I am the same person making this application; that I am a citizen of the United States and I have been a resident of the State of California for six years three months and a resident of Los Angeles County for six years three months; that I have not received public or private aid or aid from relatives or friends during this period. I do own property; that the county assessed valuation thereof is unknown; that the income from my property is nothing per month; that my income is four per cent (4%) interest on Three Hundred Thirty-two Dollars ($332.00) with People's Building and Loan, Inglewood (X James S. French) per month including income from property; that I have no relatives of the following degree of kinship, spouse, adult children, parent,

brother, sister, adult grandchildren or grandparents who are financially able to support me; that I have no persons dependent upon me for support; that the rent at my present address is Twelve Dollars ($12.00) per month; that I am without funds except as above stated and in need of assistance; that I will promptly notify the Bureau of County Welfare of any change in my condition or financial affairs; that I have read or heard read to me the above and that the facts therein stated are true of my own knowledge. . . .

"WORK

"~~DIRECT~~ RELIEF

"(Strike out one.)"

The information also set forth a purported copy of those portions of the ordinance which were alleged to be pertinent to the offense charged, as follows:

"(c) No person shall be considered to be a pauper, or poor or indigent person, so as to be entitled to county aid, who shall have an income in excess of the regular charity budget for such a case, as approved by the Board of Supervisors.

"(d) Before any aid, except emergency aid not exceeding twenty dollars in amount, shall be given to or for any person claimed to be a pauper or poor or indigent person, such person shall make a verified written statement of the nature, location and value of all property in which such person has any interest, legal or equitable, with the legal description of any real property in which such person shall claim any interest, and the nature of any interest in or claim to such property held or made by any other person or persons with the names and places of residence of such person or persons and of the names and places of residence of all kindred of the applicant of the degree of husband, wife, children (other than minors) father or mother, brother or sister, grandchildren or grandparents. Such statement shall show the pecuniary ability of such relatives to assist the applicant so far as known to the applicant, and whether applicant has informed such relatives of his or her need and whether they are willing to assist applicant."

Thereafter within the information followed allegations relative to the utterance and the delivery by defendant of

the required affidavit. The information was then concluded by an allegation of the particulars of the acts of defendant constituting the commission of the offense, as follows:

"That in said affidavit said defendant swore that he was without funds, except as stated in the affidavit, and that he was in need of assistance; that these statements were wilfully false and untrue, and known to the defendant to be false and untrue, at the time said affidavit was made; that, in truth and in fact, said defendant was not without funds; was not in destitute condition, and was not in need of public assistance from the Department of Charities and the Bureau of County Welfare, within the meaning of said ordinance, and the defendant in said affidavit did wilfully and intentionally fail to state the nature, location and value of all property in which he the said defendant had any interest. All of which facts were known to said defendant at the time said affidavit was made; that the false statements contained in said affidavit were material to the said application for aid, in that said application for aid would not have been taken, considered and granted by the Department of Charities had the defendant disclosed his true financial condition."

Leaving out of consideration the fact that by the terms of the ordinance, it has reference to persons who make application for financial assistance, or "county aid", and not to those persons, who, like defendant, as indicated by the affidavit, seek "work" from the county, it may be observed that the alleged false statements contained within the affidavit made by defendant consisted in his declaration that he was "without funds", except as stated in the affidavit, and that he was "in need of assistance". Also, that defendant was charged with his failure to make certain specified statements required by the provisions of the ordinance. An examination of the language of the ordinance, by virtue of the provisions of which an affidavit was made a necessity "before any aid . . . shall be given . . . ", fails to reveal the necessity of an express declaration by an applicant for assistance either that he is "without funds", or that he is "in need of assistance". And in that connection, included within the several asserted reasons advanced by respondent as being a sufficient basis for the order of dismissal of the action, the

point is made that, as defined by the ordinance, the matter to which appellant takes exception was immaterial; and therefore incapable of affording a sufficient foundation for a prosecution of defendant on a charge of perjury. For a consideration of the point thus suggested, in the circumstances here present it may be assumed (without so deciding) not only that the said ordinance was a valid and binding requirement placed upon defendant, but as well that in the presence of certain conditions unnecessary of specification herein, the provisions of sections 118 and 118a of the Penal Code authorize a prosecution for the crime of perjury.

As hereinbefore has been indicated, it satisfactorily appears that contained within the affidavit made by defendant were statements of facts which by the terms of the ordinance he was not required to make, and to which reference hereinbefore has been had; and for the purpose of the question here involved, assuming the falsity of such statements of facts, the ultimate question is whether in such circumstances a prosecution for perjury may be maintained.

In the case of *People* v. *Millsap,* 85 Cal. App. 732 [260 Pac. 378], the essential facts were that the defendant was prosecuted for the alleged commission by him of the crime of perjury in verifying an answer to a complaint in an action in which he was one of the defendants. Although the facts set up in such answer were material, both to the cause of action and to his defense thereto, because of the conclusion reached by the court that under the laws of this state, as they affected the peculiar circumstances of the case, the defendant therein was not required to verify his answer to the complaint; and, although by his affidavit he made false statements of fact,—he was not lawfully subject to prosecution in a criminal action for the crime of perjury. In principle, that ruling is supported by the decision in each of the cases of *People* v. *Howard,* 111 Cal. 655 [44 Pac. 342], and in *In re Clark,* 54 Cal. App. 507 [202 Pac. 50].

In addition thereto, by the great weight of authority, as is shown by excerpts from a list of cases contained in the annotation to the case of *State* v. *Parrish,* 129 La. 547 [56 So. 503], as reported in 39 L. R. A. 96, perjury is not

committed either where no oath is, or *the particular one administered* is not, required.

It would seem so clear that discussion should be unnecessary either to illustrate or to establish the point that a criminal action against a defendant for the commission by him of the crime of perjury cannot be maintained on an allegation that in making an affidavit he *failed* to make a statement of any fact, however relevant or material such fact, if made, might be to the subject matter in hand, or however mandatory the rule might be by which he was directed or required to make such statement as a prerequisite to the accomplishment of the object of the affidavit.

The result of a more particular inquiry of the situation here presented would indicate that by the terms of the ordinance an applicant for ''county aid'' is required to make an affidavit, not that he is, or that he is not, ''without funds'', or that he is, or that he is not, ''in need of assistance'', but only as to the ''nature, location and value of all property in which such person has any interest . . . '' In his affidavit defendant declared that ''I do own property; that the county assessed valuation thereof is unknown; . . . my income is four per cent interest on $332, . . . '' It will thus be noted that in those respects defendant made no direct attempt to state either the nature, the location, or the value of his property. The dereliction, if any, of defendant consisted in his *failure* to make an affidavit as to a required fact or facts, rather than in any affirmative or express false swearing with reference thereto. Nor by the provisions of the ordinance is an applicant for ''county aid'' required to make any affidavit as to the amount or the source of any income which he may receive, or to which he may be entitled. Such a declaration by an affiant, as far as it may relate to the requirements of the ordinance, would seem superfluous. Certainly it would have very little, if any, relevancy to the ''nature, location and value of all property in which such person has any interest''. The statement made by defendant that he was ''in need of assistance'' is so clearly a conclusion, rather than a statement of fact, besides being a declaration entirely extraneous to any assumed legal requirement, that any discussion of its

relevancy to the question here under consideration would seem unnecessary.

It would serve no useful purpose to consider either or any of the other several points presented by the respective parties to this appeal.

Since defendant was not legally required to make affidavit of the facts which form the basis for his prosecution herein; and since a criminal action for perjury will not lie for *failure* to make affidavit of facts, it follows that, without reference to other possible grounds upon which the action of the lower court might be sustained, the judgment of this court should be that the order of which complaint is here made be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.