[Crim. No. 2940.   First Dist., Div. Two.   Jan. 18, 1954.]

THE PEOPLE, Respondent, v. O. W. WHITE, Appellant.

Athearn, Chandler & Hoffman, F. G. Athearn and Hartwell H. Linney for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury on each of five counts of perjury. The basis of the convictions was that appellant executed five affidavits, each attached to a petition to submit a proposed amendment to the charter of the city of Santa Cruz, in each of which he falsely stated that he was the person who circulated the petition to which the affidavit was attached and that all of the signatures to such petition were made in his presence.

It is established that to support a conviction of perjury the false oath must be one authorized or required by law (*People* v. *Brophy,* 49 Cal.App.2d 15 [120 P.2d 946] ; *People* v. *French,* 134 Cal.App. 694, 698-699 [26 P.2d 310] ; *People* v. *Millsap,* 85 Cal.App. 732 [260 P. 378] ; 70 C.J.S., Perjury, § 20a, p. 476), and the crucial question in this case is whether there is any statutory authorization or requirement in California that an affidavit, swearing to the facts here found by the jury to be false, be annexed to a petition proposing an amendment to a city charter.

It is not claimed by the attorney general that there is any statutory provision expressly authorizing or requiring such an affidavit in the case of a petition to amend a city charter. Section 8, subdivision h, article XI of the state Constitution, which sets forth the manner of proposing such amendments, contains no reference to an affidavit, nor does article 3 of chapter 3, division 4 of the Elections Code (§§ 1801-1806), which deals specifically with "Freeholders' Charter Amendments." Section 1806 provides: "The petition shall be in substantially the following form" and then sets out a form of petition *without any affidavit.* Section 1805 provides: "Each signer of the petition shall sign it in the manner prescribed by Section 45 of this Code." Section 45, which deals with the manner of signing of all petitions required to be

signed by voters, provides, as to the manner of signing: "Each signer shall . . . affix thereto his place of residence, giving street and number, and if no street or number exists, then a designation of his place of residence which will enable the location to be readily ascertained . . ." No other requirement applying to voters' petitions generally or to other special types of petitions such as initiative, referendum and recall is referred to in article 3, chapter 3, division 4 (§§ 1801-1806) of the Elections Code, and no provision is there or elsewhere made by express language for any affidavit to be attached to a charter amendment petition.

In contrast to this total lack of express statutory provision for an affidavit in the case of charter amendment petitions, there is express requirement for an affidavit in the case of initiative petitions (Elec. Code, § 1708), recall petitions (Id., § 11109) and referendum petitions (Id., § 1773). Faced by this absence of express statutory provision for an affidavit of the sort made by appellant, the attorney general relies upon section 46.5, Elections Code, adopted in 1951. That section reads: "Whenever, by the Constitution or laws of this State, the county clerk is required to determine what number of voters have signed any petition or paper, the affidavit of the person circulating such petition or paper shall have affixed thereto the residential voting address of such circulator."

The argument runs that since the county clerk is required to determine what number of voters have signed a petition proposing a charter amendment, section 46.5 by its reference to "the affidavit" requires an affidavit in the form appended to the petitions in this case. It is obvious that to so construe section 46.5 requires the interpolation by implication into section 46.5 of some such language as the following: "an affidavit in the form required to be attached to initiative, referendum and recall petitions shall be attached thereto" so that the section would be construed as if it read: "Whenever . . . the county clerk is required to determine what number of voters have signed any petition or paper, *an affidavit in the form required to be attached to initiative, referendum and recall petitions shall be attached thereto and* the affidavit of the person circulating such petition or paper shall have affixed thereto the residential voting address of such circulator."

The attorney general does not spell out his argument in such express terms but it comes to this if it means anything.

█ It is, however, against all settled rules of statutory construction that courts should write into a statute by implication express requirements which the Legislature itself has not seen fit to place in the statute. This rule was clearly stated in *People* v. *One 1940 Ford V-8 Coupé*, 36 Cal.2d 471, 475 [224 P.2d 677]: ''In construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. The court is limited to the intention expressed.''

Similarly the court said in *Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361, 365 [5 P.2d 882]: ''This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used.'' The court then quoted from section 1858, Code of Civil Procedure: ''In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . .''

█ The attorney general asks us to hold that although no affidavit was required to be attached to a charter amendment petition prior to the enactment of section 46.5, the Legislature by enacting section 46.5 amended the law to require an affidavit thereafter to be attached to all such petitions, leaving to implication the form of such affidavit. We cannot ascribe to the Legislature the intention to amend an important statute relating to a fundamental right of the citizens in any such cavalier fashion. Section 46.5 may be given full effect, without adding anything to its language by judicial legislation, if the words ''the affidavit'' are held to refer to those cases in which an affidavit is elsewhere provided for. So construed it adds the requirement that such affidavit must have affixed thereto the residential voting address of the circulator whenever the statutory or constitutional law imposes upon the county clerk the duty of verifying the signatures.

Alternatively it is argued that the city council or the county clerk could authorize the affidavit. Without going into the question whether either could legally do so, it is a complete answer in this case that no evidence is pointed to in the transcript that either the council or the clerk did in fact require or authorize these affidavits.

We are satisfied that the affidavits here in question were neither authorized nor required by law and hence cannot support the charge of perjury.

Judgment reversed.

Nourse, P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied Feb. 17, 1954.