BARKDULL, Judge.
In this appeal, the appellant [who was the petitioner in the county judge’s court] seeks review of an order denying a petition to declare the bequest of a decedent null and void as being contrary to the provisions of § 731.07(5), Fla.Stat., F.S.A.
It appears, from the undisputed facts in this cause, that at the time the deceased executed his will two officers and an employee of the appellee-bank were the subscribing and attesting witnesses. Two of said witnesses were stockholders in the bank. The Last Will and Testament of the deceased named the bank as trustee, and it is the contention of the appellant that the lower court erred in failing to adjudicate the bequest to the hank, as trustee, null and *694 void in view of the provisions of § 731.07(5), Fla.Stat., F.S.A.[1]
Under such circumstances, it would have been a better practice if the hank had used subscribing and attesting witnesses who were not its officers, employees or stockholders, and then there could be no question of impropriety. However, it does not appear that the bank, as trustee, actually received any beneficial interest from the estate. The order of the county judge was correct, in light of the principles announced in In re Roger’s Estate, 15 N.J.Super. 189, 83 A.2d 268; Leonard v. Stanton, 93 N.H. 113, 36 A.2d 271; Vol. 2, Page on Wills (Bowe-Parks Revised), § 19.94. Therefore, the order under review is hereby affirmed.
Affirmed.

. § 731.07(5) Fla.Stat., F.S.A.:
“AU devises and bequests to subscribing witnesses are void unless there are at least two other disinterested subscribing witnesses to the will. If a subscribing witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established.”