[Crim. No. 5038.   Third Dist.   June 6, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ANDY
BARAJAS, Defendant and Appellant.

Roy J. Van Den Heuvel, Public Defender, for Defendant
and Appellant.

Thomas C. Lynch, Attorney General, Nelson P. Kempsky
and Thomas W. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

FRIEDMAN, Acting P. J.—Defendant made his initial appearance before a magistrate on a felony charge. In response to the magistrate's inquiry, he stated that he had no funds to employ an attorney. He then signed a form handed him by the magistrate and entitled "Declaration of Indi-

gency." In that document he declared under penalty of perjury that he had no assets, specifically no savings account, and requested appointment of an attorney to defend him. The declaration form had been prepared by the magistrate, who customarily used it to determine accused persons' eligibility for the services of the public defender. Upon handing the document to defendant for signature, the magistrate informed him that he was signing under penalty of perjury.

Defendant's claim of poverty was false, for he had about $3,500 in a savings account. Charged with perjury, he moved unsuccessfully to set aside the information. A jury found him guilty and he appeals from the judgment.

Penal Code section 118 defines the crime of perjury. Originally drawn to describe the traditional statement under oath, it was expanded in 1955 to include the then-new declaration under penalty of perjury. In relevant part it declares: ". . . every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which such testimony, declarations, depositions, or certification is permitted by law under penalty of perjury and wilfully states as true any material matter which he knows to be false, is guilty of perjury."

Only one issue needs consideration. An element essential to perjury is administration of the oath or declaration in a case in which it is permitted by a law. (Pen. Code, § 118, *supra*; *People* v. *Davidson*, 227 Cal.App.2d 331, 334 [38 Cal. Rptr. 660]; *People* v. *White*, 122 Cal.App.2d 551, 552 [265 P.2d 115]; 2 Witkin, Cal. Crimes (1963) §§ 839, 840.) We sustain defendant's contention that there was no proof of this essential element.

He had been brought before the magistrate on a felony charge. He was not represented by counsel. The governing statutes required the magistrate to inform him of the charge against him and of his right to counsel, then to provide an. opportunity to send for counsel of his own choosing or else assign an attorney to represent him. (Pen. Code, §§ 858, 859, 859a, 987.) If he turned out to be financially unable to employ an attorney, the statute empowered the court to appoint the public defender to represent him. (Gov. Code, § 27706, subd. (a).) These statutes directed the magistrate to conduct an. inquiry into his financial condition for the purpose of ascertaining his indigency, that being a qualification for publicly supplied legal assistance. (*Ingram* v. *Justice Court*, 69 Cal.2d 832, 837 [73 Cal.Rptr. 410, 447 P.2d 650].) They did not

require neither did they authorize conduct of this inquiry under oath or the equivalent declaration under penalty of perjury. Within constitutional limits, the Legislature might have chosen to require that kind of inquiry. It has not done so. The declaration was not the product of a "law" but only of the individualized practice of the magistrate.

The judgment is reversed with a direction to dismiss the information.

Regan, J., and Janes, J., concurred.