539 P.2d 184

**The STATE of Arizona, Appellant,**

v.

**Nathan Jacques WARREN, aka Ned Warren, Appellee.**

**No. 1 CA–CR 942.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 21, 1975.

Rehearing Denied Sept. 18, 1975.

Review Denied Oct. 28, 1975.

Moise Berger, Maricopa County Atty., by Lawrence C. Cantor, J. D. Howe, Deputy County Attys., Phoenix, for appellant.

Flynn, Kimerer, Thinnes, Derrick & Lindholm, by John J. Flynn, Clark L. Derrick, Phoenix, for appellee.

## OPINION

OGG, Presiding Judge.

The appellee-defendant Nathan Jacques Warren was indicted for thirteen counts of perjury, felonies. Eight[1] of the counts were based upon statements made by the defendant while testifying as a witness at a sworn deposition in a civil lawsuit filed in the United States District Court of Arizona.

The remaining five counts were based upon sworn statements made by the defendant during questioning conducted by a Deputy Maricopa County Attorney and the Phoenix Police Department as a part of a joint investigation of land fraud in Arizona. The defendant requested the opportunity to be heard at this questioning session and had further requested that he be sworn by the court reporter prior to answering any questions propounded by the Deputy County Attorney.

Prior to the arraignment the defendant filed a motion to dismiss all thirteen counts of the indictment. The trial judge granted the motion and ordered all counts of the indictment dismissed, with the pertinent portion of the order reading:

"That Counts I, II, III, IV, V, VI, and X of the indictment, because they rely for their allegations of perjury on certain statements elicited during the course of defendant's deposition taken in conjunction with a pending civil proceeding in the United States District Court for the District of Arizona, are, upon defendant's motion brought pursuant to Rule 16.7(b) of the Arizona Rules of Criminal Procedure, 17 A.R.S., dismissed as a result of the Court's specific finding that the State is without jurisdiction to prosecute the defendant on the allegations contained in the above-enumerated Counts; said jurisdiction lying exclusively with the Federal Government.

3. That Counts VIII, IX, XI, XII, XIII, and XIV are additionally dismissed upon the Court's finding that the statements contained in said Counts and alleged in the indictment to be perjurious were not statements which were either required or authorized by law within the meaning of A.R.S. § 13–561 and Section I of the Model Act on Perjury."

The state now appeals from the order of the trial court dismissing the thirteen counts of the indictment. In our opinion the trial court was correct and we affirm the dismissal. Eight counts were dismissed because they involved sworn statements made during the course of defendant's deposition taken in conjunction with a pending civil case in the United States District Court. The guiding case in this field is *Thomas v. Loney,* 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949 (1890), where it was established that Federal

---

1. We note that both parties in their memoranda refer to 8 counts arising from the statements made in the Federal civil case and 5 counts arising from statements made to the deputy county attorney. The order of the trial court refers to 7 counts arising from the Federal civil case and 6 counts arising from the statements made to the deputy county attorney. Our disposition of the case makes this matter immaterial.

Courts should have exclusive jurisdiction over perjury committed in a Federal case. In that case the United States Supreme Court stated:

"But the power of punishing a witness for testifying falsely in a judicial proceeding belongs peculiarly to the government in whose tribunals that proceeding is had . . . The administration of justice in the national tribunals would be greatly embarrassed and impeded if a witness testifying before a court of the United States . . . were liable to prosecution and punishment in the courts of the state upon a charge of perjury, preferred by a disappointed suitor or contestant, or instigated by local passion or prejudice. A witness who gives his testimony, pursuant to the constitution and laws of the United States, in a case pending in a court or other judicial tribunal of the United States, whether he testifies in the presence of that tribunal, or before any magistrate or officer (either of the nation or of the state) designated by act of congress for the purpose, is accountable for the truth of his testimony to the United States only; . . ."

We believe the rationale of Loney is sound in maintaining the concept of federalism by preserving the independence of the Federal judiciary. See *United States v. Cox*, 342 F.2d 167, 195 (5th Cir. 1965) (cert. denied); *Ross v. Georgia*, 55 Ga. 192 (1875); *People v. Kelly*, 38 Cal. 145 (1869); 60 Am.Jur.2d, § 27, page 983. If there is to be any prosecution for the alleged wrongful acts set out in these counts, such prosecution must come from Federal authorities.

It is further the opinion of this court that the state is without authority to prosecute the defendant for perjury, based upon sworn statements made during the course of an interview with a deputy county attorney, when such statements were not required or authorized by law.

Arizona's law covering perjury is set forth in § 13–561, ARS:

"§ 13–561. Perjury by single statement A. A person who, in a trial, hearing, investigation, deposition, certification or declaration, in which making or subscribing a statement *is required or authorized by law*, makes or subscribes a material statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true, or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury." [Emphasis added].

This statute was adopted from Section 1 of the Model Act on Perjury. See Model Act on Perjury, Vol. 9, Uniform Laws Annotated (1952). Since Section 1 of the Model Act on Perjury is specifically based upon the present Federal perjury statute, 18 U.S.C. § 1621, Federal decisions interpreting the statute and its forerunner (U. S. Revised Statute § 5392) become most relevant in ascertaining the meaning of the phrase "a statement is required or authorized by law" as set forth in § 13–561.

In *Williamson v. United States*, 207 U.S. 425, 28 S.Ct. 163, 52 L.Ed. 278 (1908), the United States Supreme Court, in interpreting Revised Statute § 5392, made it clear that a conviction for perjury will lie only in those cases in which the alleged perjurious statement was made in a proceeding wherein the making or subscribing of that statement is either required or authorized by a specific law of the United States. See *United States v. Hvass*, 355 U.S. 570, 78 S.Ct. 501, 504, 2 L.Ed.2d 496 (1958). In *United States v. Bedgood*, 49 F. 54 (D. C.Ala.1891), it was held that false swearing in an affidavit submitted as proof of the defendant's pre-emption entry did not amount to perjury under the Federal perjury statute since the statutes setting forth the requirements under the Federal pre-

emption laws neither required nor specifically authorized the affidavit alleged to be false. In that case the court held:

"The statute makes the existence of certain facts and requires certain declarations to be made, and oath thereof by the applicant or claimant, prerequisites to securing the rights of a pre-emptionist; and oath of other facts made by him in connection therewith not required by law, however false, is not perjury. The oath must be administered in a proceeding that is valid and regular. It must be authorized by law. . . . That is to say, all oaths on which perjury can be assigned must be taken or used in some proceeding or procedure that is valid and regular. To make such procedure or proceeding valid, it must be recognized by law as such. *It must be one authorized by law.* . . . The indictment under consideration sets up matters, on which the perjury is assigned, that are not required by law to be sworn to. . . ."

49 F. at 56, 59–60 (emphasis added).

In *People v. Barajas,* 273 Cal.App.2d 750, 78 Cal.Rptr. 647 (1969), defendant's conviction of perjury was set aside under the California perjury statute. which required the statement to be *permitted under law* (Emphasis ours). The court, in support of its holding that the defendant's false statements pertaining to his indigency presented under oath and penalty of perjury before a state court magistrate did not amount to the crime of perjury under § 118 of the California Penal Code which states:

"*Only one issue needs consideration. An element essential to perjury is administration of the oath or declaration in a case in which it is permitted by a law.* We sustain defendant's contention that there was no proof of this essential element. He had been brought before the magistrate on a felony charge . . .

These statutes directed the magistrate to conduct an inquiry into his financial condition for the purpose of ascertaining his indigency, that being a qualification for publicly supplied legal assistance. They did not require neither did they authorize conduct of this inquiry under oath or the equivalent declaration under penalty of perjury. Within constitutional limits, the legislature might have chosen to require that kind of inquiry. It has not done so. The declaration was not the product of a 'law' but only of the individualized practice of the magistrate." 273 Cal.App.2d at 751–752, 78 Cal.Rptr. at 648 (emphasis added) (citations omitted).

■ We find no Arizona statute which specifically requires or authorizes the taking of such sworn statements by the deputy county attorney and we therefore hold that such statements cannot amount to criminal perjury under the present Arizona law.

The above case points up the need for a revision of our criminal statutes if such false swearing as presented here is to be covered by the laws of this state. Our present statute on perjury is restrictive as pointed out by the Arizona Supreme Court in the case of *State v. Chee,* 74 Ariz. 402, 250 P.2d 985 (1952):

"It is, of course, clear that 'false swearing' and 'perjury' are separate things. All 'false swearing' is not perjury. In Arizona, as in all other jurisdictions, the quality of materiality of the perjurious testimony to the issue in which it is given is necessary to raise the 'false swearing' to the degree of perjury. The lesser offense is one unknown to the laws of this state as an indictable offense."

For the reasons stated herein the order of the trial court is affirmed.

DONOFRIO and FROEB, JJ., concur.