73 Cal.App.3d 14 (1977)
139 Cal. Rptr. 55
Estate of DEMETRY TKACHUK, Deceased.
JOHN ANDREEVICH TKACHUK, Plaintiff and Appellant,
v.
RUSSIAN UKRAINIAN EVANGELICAL BAPTIST UNION OF THE UNITED STATES OF AMERICA et al., Defendants and Respondents.
Docket No. 50129.
Court of Appeals of California, Second District, Division Four.
August 31, 1977.
*15 COUNSEL
Slaff, Mosk & Rudman, Robert E. Mundy and Marc R. Stein for Plaintiff and Appellant.
Lovell, King & Case and William T. King for Defendants and Respondents.
OPINION
KINGSLEY, J.
This is an appeal from a judgment in favor of respondent Union Church. Decedent left the bulk of his estate to the church and left a small sum to his brother. Appellant, decedent's brother, alleges that the gift to the church is void under Probate Code, section 51.
*16 At the time of decedent's death he was a resident of California and he left property located in Los Angeles.
Prior to moving to Los Angeles, decedent lived in Detroit for 25 years where he was a member of the First Russian Baptist Church. The First Russian Baptist Church is the local Detroit church of respondent Union Church. In August 1940, respondent Andrew Myczka became minister of the Detroit church. Decedent was a Sunday school teacher, a deacon, and member of the church board. Decedent attended services on the average of three times a week. On several occasions decedent asked respondent Myczka to type a will for him, but Myczka advised him to see an attorney. In 1947, Myczka finally acceded to decedent's request, and decedent dictated his will while Myczka typed it for him. Decedent and Myczka took the will to Rose Lucas, a notary public in Michigan. Decedent declared to Mrs. Lucas that this document was his will, he signed it in both the presence of Myczka and Mrs. Lucas, and he requested Mrs. Lucas and Myczka to be witnesses. In the presence of the decedent, and in each others' presence, Mrs. Lucas and Myczka signed the document. Sometime later, Myczka left for another town in Michigan and decedent went to California.
The Union Church was incorporated in Connecticut. Reverend Myczka was an officer, treasurer and member of the executive committee (which was the board of directors) of the Union Church. Myczka receives a salary from the church for his services as minister, but receives no compensation for his services as treasurer or as board member. The treasurer and the president are custodians of current funds of the Union which must be received and disbursed as directed by the Union or executive committee.
Section 5 of the church's constitution makes the executive committee legal trustees of the church's property, giving the president or treasurer the power to represent the church in property transactions. The executive committee is granted the power to deal with the bequests to the church under section 6 which reads: "The Executive Committee shall take, receive, hold, convey and dispose of any and all manner of land, rents, tenements and hereditements [sic] which may be given, bequeathed, devised or conveyed to the Union; [T]he Executive Committee shall invest any sum or sums of money given, or bequeathed to the Union in the legal investments and for the purchase of ground, rents, of [sic] other real estate; and the Executive Committee may sell, convey and dispose *17 of any ground, rents, or real estate, and any holdings under the legal investments provision."
The issue before the court is whether the bequest to the respondent church is void under Probate Code, section 51 because one of the subscribing witnesses to the will was not a disinterested witness.
(1) We agree with appellant's contention that respondent Myczka is not a "disinterested witness." It has been held that trustees and officers of a charity are not "disinterested witnesses." (In re Fetterhoff's Estate (1910) 228 Pa. 535 [77 A. 826].) (2a) However, we believe that the gift to the church is not void even though one of the subscribing witnesses to the will was an interested party.
The language of Probate Code, section 51 does not void gifts to a beneficiary where one of the subscribing witnesses, who is not a beneficiary, is interested in the bequest.
Probate Code, section 51 reads: "All beneficial devises, bequests and legacies to a subscribing witness are void unless there are two other and disinterested subscribing witnesses to the will, except that if such interested witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established." (Italics added.)
The language of this code section merely voids "beneficial ... bequests ... to a subscribing witness," unless there are "two other ... disinterested witnesses." In the case at bar, there is no beneficial bequest "to a subscribing witness." The beneficial bequest in the case at bench is to the Union Church and is not to Myczka, the subscribing witness. There is no identity or unity either physically, pragmatically, or legally between Myczka and the beneficiary church in which Myczka is a minister and officer. Although respondent Myczka may tangentially and peripherally be benefited by the bequest to the church, the statute voids only beneficial bequests to a subscribing witness, and does not include language voiding bequests where there is an indirect benefit to a subscribing witness.
Appellant relies on the Pennsylvania rule which voids a gift to a religious or charitable institution where the attesting witness is interested *18 in the institution to which the bequest was made. (In re Kessler's Estate (1908) 221 Pa. 314 [70 A. 770]; In re Fetterhoff's Estate, supra, (1910) 228 Pa. 535 [77 A. 826].) Appellant's reliance is misplaced. The Pennsylvania rule is based on a particular Pennsylvania statute, which was enacted in 1855, reenacted in 1917, and repealed in 1936. That statute read as follows: "No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kins, according to law. A disinterested witness, within the meaning of this section, is a witness not interested in such religious or charitable use,  this section not being intended to apply to a witness interested in some other devise or bequest in the same instrument."
Thus, the Pennsylvania rule generated from the plain, unambiguous and comprehensive language of the Pennsylvania statute which clearly prohibited the type of bequest in the case at bar. That Pennsylvania statute is of no assistance to appellant whose rights, if any, must emanate from the terms of the California statute.
When we analyze the language of the California statute, we find that the California statute is vastly different from the Pennsylvania statute, and we will not extrapolate a broader meaning from the language of Probate Code, section 51 by adding terms not within the language of the statute. (3) In construing a statute the function of the judge is simply to ascertain what in terms or substance is already there and not to insert what has been omitted or omit what has been inserted. (Code Civ. Proc., § 1858.) Under the guise of construction the court will not rewrite a law. (People v. White (1954) 122 Cal. App.2d 551 [265 P.2d 115]); it will not supply an omission (Hill v. City of Eureka (1939) 35 Cal. App.2d 154 [94 P.2d 1025]); and it will not give the words an effect different from the plain and direct import of the terms used. (Vaughn v. Vaughn (1944) 62 Cal. App.2d 260 [144 P.2d 658].) In the case at bar, the language of the California statute does not void a bequest to a beneficiary where a subscribing witness had an interest in the bequest. Had the Legislature's purpose been to write such a statute, it could easily have done so, but we will not rewrite the statute or insert terms not already within the statute.
Appellant argues that his interpretation of Probate Code, section 51 is consistent with a social policy underlying Probate Code, section 51, *19 which seeks to insure that testators act free of influence from subscribing witnesses. While we agree that the interpretation put on Probate Code, section 51 by appellant may well be consistent with some broad underlying social policy to prevent influence on the testator by the subscribing witness that is not reason enough for this court to rewrite Probate Code, section 51 and to add words, terms and meanings that are not within the statute.
(2b) The weight of authority supports our view that a bequest to a beneficiary does not fail where one of the subscribing witnesses is not disinterested. In Kennett v. Kidd (1912) 87 Kan. 652 [125 P. 36], a provision in a will giving property to a camp of Modern Woodsmen was not void because the will was witnessed by members of the camp. Membership in a charitable organization has been held not to render a person incompetent to witness a will in which the organization is a named beneficiary, because the member's interest is too indirect to be a disqualifying interest and no exception is made where the property of a charitable corporation will be divided among the members of the corporation on dissolution. (Quinn v. Shields (1883) 62 Iowa 129 [17 N.W. 437].) In In re Estate of Jordan (Tex.Civ.App. 1975) 519 S.W.2d 902, members of a church which had been named as a beneficiary in a will were competent witnesses to attest the will. The Texas court in Jordan did not apply any specific statute but cited (at p. 907) a general rule that "`... by the weight of authority, a person who is an officer or otherwise in a religious or charitable institution to be benefited by a will, is a competent witness to attest the will.'"[1]
Although California has no case directly on point, this jurisdiction has dealt with an analogous problem. California has held in In re Hartman's Estate (1937) 21 Cal. App.2d 266 [68 P.2d 744], that a bequest to a beneficiary would not fail even though a beneficiary's husband was a witness to the will, because the property bequeathed to the wife was bequeathed to her as her separate property and her husband had no legal interest therein. In the case at bar the minister had an interest in the bequest only in the sense that he was a church trustee and employee. But, like the wife in Hartman, the church herein was the real beneficiary of the bequest. The fact that we can speculate that the minister may receive an indirect benefit from decedent's bequest to the church, just as *20 we can speculate that the husband in the Hartman case might receive an indirect benefit from a bequest to his wife, is insufficient reason to void the bequest under Probate Code, section 51. Although receiving an indirect benefit from a bequest may affect a court's determination as to whether a witness is or is not "disinterested," a matter we need not decide here, an indirect benefit to a subscribing witness will not void a bequest to a beneficiary where that bequest is not to the subscribing witness.[2]
The judgment is affirmed.
Files, P.J., and Dunn, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied October 27, 1977.
NOTES
[1] We recognize that In re Koop's Estate (Fla. 1962) 143 So.2d 693, contains language supportive of appellant's position here. However, that language is dicta, the actual facts being that the bequest involved was to a bank as trustee and the holding was that being a trustee did not create a sufficient beneficial interest to bring the statute into play.
[2] Whether section 51 would apply in case of a gift to a corporation of which the witness was the sole stockholder involves matters not pertinent to the case at bench. We leave that question to a case in which it is involved.