[Civ. No. 44658. First Dist., Div. Two. Apr. 8, 1980.]

SAN RAFAEL FIREMAN'S ASSOCIATION, LOCAL 2208,
Plaintiff and Respondent, v.
CITY COUNCIL OF THE CITY OF SAN RAFAEL,
Defendant and Appellant.

## COUNSEL

Richard S. Whitmore, M. Carol Stevens and Whitmore & Kay for Defendant and Appellant.

Duane W. Reno and Davis, Cowell & Bowe for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—The City Council of the City of San Rafael appeals from a judgment ordering the issuance of a writ of mandate commanding the City Clerk of the City of San Rafael to forward the supplemental initiative charter amendment petitions submitted to her by petitioner San Rafael Fireman's Association, Local 2208, to the County Clerk of the County of Marin for examination and verification of the signatures thereon as provided by law; commanding the county clerk upon receipt of such petitions to examine and verify the signatures thereon as provided by law and to forward the results thereof to the City Clerk of the City of San Rafael; and, if the number of signatures, counting both the signatures on the petitions submitted by petitioner on August 18, 1976, and on the petitions submitted on September 2, 1976, found by the county clerk to be valid equals or exceeds 15 percent of the registered electors of the City of San Rafael, commanding the City Council of the City of San Rafael to cause the proposed charter amendment to be published as required by Government Code section 34455

---

*Before Taylor, P. J., Rouse, J., and Miller, J.

and submitted to the voters of the City of San Rafael at an election fixed in the manner provided for in Government Code section 34461. Subsequent to filing notice of appeal, the parties stipulated that the City of San Rafael would submit the additional petitions filed on September 2, 1976, to the county clerk for verification of the signatures on those petitions. Respondent's brief alleges that the county clerk has since determined that the total of the verified signatures from the petitions filed on August 4, 1976, and September 2, 1976, exceeds 15 percent of the total number of the city's registered voters.

In its lengthy and thoughtful notice of intended decision, the trial court opined: "It is fair to observe that a bewildering maze of Constitutional and statutory provisions govern various aspects of the initiative process. The critical problem is to determine what provisions of law govern the petitions which are the subject of this case." California's Constitution, article XI, section 3, subdivision (b), confers upon the electors of a chartered county or city, the absolute right to amend such a public entity's charter "by initiative or by the governing body." Where the state's Constitution reserves legislative power to the people, statutes will be liberally construed so as to give effect to that power. (*San Francisco Fire Fighters* v. *Board of Supervisors* (1979) 96 Cal.App.3d 538, 543 [158 Cal.Rptr. 145], hg. den. Nov. 8, 1979.) We turn then to the contentions raised on appeal.

■ Appellant first contends that the trial court erred in its refusal to apply Elections Code section 46.5, and that an affidavit signed by circulators who are residents of San Rafael must be attached to a charter amendment petition.

At the time of filing the petition for writ of mandate, Elections Code section 46.5 provided: "Wherever, by the Constitution or laws of this state, any petition or paper is required to be signed by voters, the circulator of the petition or paper shall indicate on the affidavit, to be filed at the same time as such petition or papers, the dates between which all signatures to the petition or paper were obtained and his or her voting address at the time of the execution of the affidavit."[1]

*People* v. *White* (1954) 122 Cal.App.2d 551, 554 [265 P.2d 115], states: "The attorney general asks us to hold that although no affidavit

---

[1]Repealed by Statutes 1976, chapter 226, section 1, page 430; now found in Elections Code section 44.

was required to be attached to a charter amendment petition prior to the enactment of section 46.5, the Legislature by enacting section 46.5 amended the law to require an affidavit thereafter to be attached to all such petitions, leaving to implication the form of such affidavit. We cannot ascribe to the Legislature the intention to amend an important statute relating to a fundamental right of the citizens in any such cavalier fashion. Section 46.5 may be given full effect, without adding anything to its language by judicial legislation, if the words 'the affidavit' are held to refer to those cases in which an affidavit is elsewhere provided for. So construed it adds the requirement that such affidavit must have affixed thereto the residential voting address of the circulator whenever the statutory or constitutional law imposes upon the county clerk the duty of verifying the signatures." The court held that the affidavits were neither authorized nor required by law. (122 Cal.App.2d at p. 555.)

■ Appellant's argument that the circulator must be a resident of San Rafael imposes a requirement that is not contained in the statute. When respondent filed its charter amendment petition, Elections Code section 20 provided: "'Elector' means any person who qualifies to vote at either a state election or a federal election held in the state." (Stats. 1971, ch. 724, § 1, p. 1452; repealed by Stats. 1976, ch. 226, § 1, p. 430.) Section 45.1 of the Elections Code provided, at that time: "Any person who is an elector may circulate an initiative, referendum or recall petition." (Stats. 1971, ch. 724, § 2, p. 1453; repealed by Stats. 1976, ch. 226, § 1, p. 430.)[2] As the trial court correctly pointed out, "[t]here is nothing about the term 'elector' standing alone, which requires that it be construed to mean only an elector, who resides within the particular city. Where this requirement does exist, it has been expressly set forth in the statute, as in Elections Code Sections 4005 and 4007." *Estate of Tkachuk* (1977) 73 Cal.App.3d 14, 18 [139 Cal.Rptr. 55], is here pertinent: "In construing a statute the function of the judge is simply to ascertain what in terms or substance is already there and not to insert what has been omitted or omit what has been inserted. (Code Civ. Proc., § 1858.) Under the guise of construction the court will not rewrite a law. (*People* v. *White* (1954) 122 Cal.App.2d 551 [265 P.2d 115]); it will not supply an omission (*Hill* v. *City of Eureka* (1939) 35 Cal.App.2d 154 [94 P.2d 1025]); and it will not give the

---

[2]Elections Code section 42 now provides: "Any person who is a voter may circulate an initiative, referendum or recall petition." (Added by Stats. 1976, ch. 226, § 2, p. 433.)

words an effect different from the plain and direct import of the terms used. (*Vaughn* v. *Vaughn* (1944) 62 Cal.App.2d 260 [144 P.2d 658].) ...Had the Legislature's purpose been to write such a statute, it could easily have done so, but we will not rewrite the statute or insert terms not already within the statute."

■ Next appellant argues that the trial court disregarded substantial authority to the contrary when it held that the petition was not invalidated by the fact that the signators did not include their printed name after their signatures. Appellant states that it is undisputed that Elections Code section 4084 applies to charter amendments and requires that "[e]ach signer of the petition shall sign it in the manner prescribed by Section 45 of this code."[3] Respondent contends that it was by no means clear that the printed name requirement of section 45 applied to charter amendment petitions since it was inconsistent with the specific form for such petitions set forth in former Elections Code section 4085.[4] The specific provisions of the Elections Code pertaining to charter amendments and not the general provisions control. "'...A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." [Citations.]" (*County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 189 [323 P.2d 753]; *Stafford* v. *L.A. etc. Retirement Board* (1954) 42 Cal.2d 795, 798-799 [270 P.2d 12]; *Whittemore* v. *Seydel* (1946) 74 Cal.App.2d 109, 119-120 [168 P.2d 212].) Section 4085 did not require the signator's printed name, and the absence of the printed name did not invalidate the petition.

■ Lastly, appellant argues that the initiative provisions of the Elections Code apply to charter amendment petitions and thus notice of intention to circulate a charter amendment petition was required. This question was addressed by the Attorney General of this state at the time when procedures for circulating initiative ordinance and charter amendment petitions were set forth in the state Constitution but in sep-

---

[3]Section 45 was amended in 1975 to provide in pertinent part: "Each signer shall at the time of signing the petition or paper include his printed name and his place of residence...which will enable the location to be readily ascertained...." (Stats. 1975, ch. 544, § 1, p. 1110.)

[4]Statutes 1972, chapter 409, section 3, pages 729-730; repealed by Statutes 1976, chapter 248, section 2, page 488.

arate articles, in much the same manner that those procedures are now set forth in the Elections Code. The Attorney General concluded that no notice of intention need be published prior to the circulation of a charter amendment petition because none was demanded in the article governing such petitions. (21 Ops.Cal.Atty.Gen. 53, 56 (1953).) Appellant has cited no persuasive authority to the contrary.

We conclude that the trial court properly ordered issuance of a writ of mandate.

The judgment is affirmed.